CAROL M. ARSENIADIS *v.* GEORGE ARSENIADIS
(2801)

TESTO, DUPONT and BORDEN, Js.

---

Argued March 7—decision released June 26, 1984

*Rita A. Steinberger,* with whom, on the brief, was *Lawrence J. Merly,* for the appellant (plaintiff).

*Mary D. Mix,* with whom, on the brief, was *Edward R. Karazin,* for the appellee (defendant).

DUPONT, J. This appeal[1] arises from a dissolution of marriage action. At the time of the dissolution, the parties had been married for twenty-seven years and had four children, one of whom was a minor.[2] The trial court rendered judgment in accordance with a stipulation of the parties which was orally stated in open court and recorded in the presence of both parties and their respective counsel. Just prior to rendering judgment, the court asked each party whether each understood and agreed to the stipulation. Both answered in the affirmative and the court then stated that the settlement agreement was fair and appropriate.

---

[1] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

[2] The plaintiff's complaint alleges that the parties had five children. Her brief states that they had four children. For the purposes of this decision, the number of adult children of the parties is immaterial.

The settlement agreement was reached after almost two days of trial and included a provision relating to the disposition of a $105,000 life insurance policy on the defendant's life. It is that provision which contains the core issue of this appeal. The terms of the judgment which relate to the disposition of the life insurance policy parrot the agreement and provide as follows: "The husband has life insurance in the amount of $105,000 and will continue to maintain that life insurance policy in full force and effect with his wife, the plaintiff, as irrevocable beneficiary for the sum of $75,000 until Laura reaches the age of eighteen years. Thereafter he will continue to maintain said life insurance in effect with the plaintiff as irrevocable beneficiary of $35,000 worth of life insurance and the children as irrevocable beneficiary [sic] of the rest of that policy. If the husband has a change of employment and cannot carry this life insurance policy, he shall notify the wife in advance so that appropriate steps may be taken concerning modification."[3]

Less than a month after the judgment was rendered, the defendant filed a motion to clarify "the transcript and Orders of the Court," claiming, in pertinent part, that the words "the rest of that policy" referred to the balance of $75,000, and not to the balance of the entire policy of $105,000. The motion stated that it was the husband's intention to provide $35,000 of life insurance for the wife and $40,000 for all of the children after the minor child attained eighteen years of age. The trial court agreed with the defendant's interpretation as to the meaning of the words "the rest of that policy" and found that the original order of the court entitled the

[3] The transcript of the agreement of the parties contains slightly different words. The second sentence of it contains the words "the children as irrevocable *beneficiaries* of the rest of *the* policy." (Emphasis added.)

wife to $35,000 of the policy and the minor child to $40,000 once she had attained eighteen years of age.[4]

On appeal, the defendant raises for the first time the issue of whether the court had subject matter jurisdiction to render orders relating to support, education, care or maintenance of children over the age of eighteen years.[5] A lack of subject matter jurisdiction can be raised at any time and cannot be waived by either party. *Vogel* v. *Vogel,* 178 Conn. 358, 362, 422 A.2d 271 (1979). If a judgment is rendered without jurisdiction to do so, it may be opened and modified at any time. *Misinonile* v. *Misinonile,* 190 Conn. 132, 135, 459 A.2d 518 (1983). The parties to an action cannot confer subject matter jurisdiction on the court by their consent, silence, waiver or private agreement. *Hayes* v. *Beresford,* 184 Conn. 558, 562, 440 A.2d 224 (1981).

Since the defendant is not precluded from belatedly asserting a lack of subject matter jurisdiction, the first issue to be decided is whether the trial court had such jurisdiction to render a judgment pursuant to an oral stipulation of the parties which included an order requir-

---

[4] The plaintiff and the defendant in their briefs and on oral argument stated that the court ruled that all of the children were to be the beneficiaries of $40,000. Clearly, the transcript, the original judgment, and the defendant's motion to clarify all indicate that all of the children were to be beneficiaries. The dispute concerns the amount of life insurance to be provided for all of the children rather than whether one or all of them were to be beneficiaries.

[5] The plaintiff's preliminary statement of issues and her brief raise the issues of whether the stipulation of the parties needed clarification and whether the court could modify a stipulated judgment without a showing of a substantial change in circumstances. Neither party claimed at the hearing on the "motion to clarify" that a modification of the judgment was sought or resisted because there had or had not been a material change in circumstances and, therefore, this appeal is not considered as one involving General Statutes § 46b-86 (a).

ing the husband to maintain life insurance with his children over eighteen years of age named as irrevocable beneficiaries.[6]

It is the defendant's contention that General Statutes § 46b-66 prohibits any court order incorporating an agreement providing for the care, education, maintenance or support of a child beyond the age of eighteen years unless it is "in writing," and that an oral stipulation made in open court is insufficient to satisfy the words "in writing."[7] The defendant concedes, however, that had the agreement in this case been reduced to the written word, the trial court would have had subject matter jurisdiction to render the judgment, and could have incorporated or otherwise made such support a part of its orders.

It is now axiomatic that support for a minor child extends to age eighteen years only, and that, absent a written agreement, a court has no jurisdiction to render orders requiring the supporting spouse to name adult children as the irrevocable beneficiaries of life insurance policies. *Gallo* v. *Gallo,* 184 Conn. 36, 440 A.2d 782 (1981); *Broaca* v. *Broaca,* 181 Conn. 463, 435 A.2d 1016 (1980). The question of this case is whether an oral stipulation made in open court constitutes an agreement in writing for the purposes of § 46b-66.

Litigation about whether subject matter jurisdiction exists should take into account whether the litigation

---

[6] The defendant claims that the original judgment of the court exceeded the subject matter jurisdiction of the court as to $30,000 of the policy, but not as to $40,000 which he voluntarily agrees to pay. If, however, the court had no jurisdiction to render judgment pursuant to an oral stipulation for support of children over eighteen years of age, the entire provision would be void ab initio.

[7] General Statutes § 46b-66 provides, in pertinent part, as follows: "If the agreement [of the parties to a dissolution of marriage action] is in writing and provides for the care, education, maintenance or support of a child beyond the age of eighteen, it may also be incorporated or otherwise made a part of any such order . . . ."

is a collateral or direct attack on the judgment, whether the parties consented to the jurisdiction originally, the age of the original judgment, whether the parties had an opportunity originally to contest jurisdiction, the prevention of a miscarriage of justice, whether the subject matter is so far beyond the jurisdiction of the court as to constitute an abuse of authority, and the desirability of the finality of judgments. *Connecticut Pharmaceutical Assn., Inc.* v. *Milano,* 191 Conn. 555, 468 A.2d 1230 (1983); *Vogel* v. *Vogel,* supra; *Monroe* v. *Monroe,* 177 Conn. 173, 413 A.2d 819, appeal dismissed, 444 U.S. 801, 100 S. Ct. 20, 62 L. Ed. 2d 14 (1979); 1 Restatement (Second), Judgments § 12. The important factor in this case is that the appeal is a direct attack on the judgment made shortly after the judgment was rendered. Such an attack is more likely to be sustained than if such were not the case. See *Monroe* v. *Monroe,* supra, 177–78.

Oral stipulations recorded in open court are just as binding, obligatory and conclusive as if in writing and executed with every legal formality if the court has subject matter jurisdiction. *Bryan* v. *Reynolds,* 143 Conn. 456, 460, 123 A.2d 192 (1956). The court in this case, however, did not have subject matter jurisdiction. The legislature amended General Statutes § 46b-66 (then § 46-49) in order to provide for the support of post-majority children only if there is an agreement to do so and if it is in writing. Public Acts 1977, No. 77-488, § 1. The legislative history of the amendment makes it clear that such is the case. The purpose of the amendment was to ensure that a written agreement involving support for adult children and submitted to the court by the parties in connection with an action for a dissolution of marriage could be incorporated into the judgment or orders of the court, thereby making such orders enforceable through contempt proceedings. 20 H.R. Proc., Pt. 8, 1977 Sess., pp. 3022–25; 20 H.R.

Proc., Pt. 13, 1977 Sess., pp. 5591–92; 20 S. Proc., Pt. 8, 1977 Sess., pp. 3013–14. The legislature recognized that although a contract for the support of adult children might be enforceable by instituting a separate action for the enforcement of that contract, such a suit would require a lengthier time for resolution and that the agreement could not be enforced by contempt proceedings.

Two recent Connecticut cases have obliquely involved the issue of this case but did not resolve it. In *Venuti v. Venuti*, 185 Conn. 156, 440 A.2d 878 (1981), the court left undisturbed an order of the trial court requiring the defendant to maintain three life insurance policies with his children as irrevocable beneficiaries until the youngest child reached the age of thirty years. The defendant, however, did not claim error as to the order and the record was deemed insufficient for a review of the order. Id., 160 n.3. The issue was also tangentially involved in the case of *Costello v. Costello*, 186 Conn. 773, 443 A.2d 1282 (1982). In that case, the trial court, subsequent to its approval of an oral stipulation of the parties providing for the support of adult children, unilaterally modified the agreement of the parties to substitute a minor child as sole beneficiary of an annuity in place of all the children of the parties, whether adults or minors. Both the plaintiff and the defendant, however, had conceded that the trial court should not have varied the terms of the agreement in that respect. The defendant, the supporting spouse, stated in his brief that although the court had no power to order him to provide for the support of his adult children, he had agreed to make all of his children beneficiaries of the annuity and, pursuant to that oral agreement made in open court, he opted to be bound by it. *Costello v. Costello*, A-791 Rec. & Briefs, pos. 6, Appellant's brief, pp. 5–6.

The legislature has provided that agreements for the support of adult children may be incorporated by reference into the dissolution decree or may be the subject of orders of the court if the agreements are in writing. Had the legislature intended that the parties could orally agree in court that such support be the subject of a court order, the legislature could have so provided. The language of the statute is clear and unambiguous and we cannot by our construction substitute other words for the words "in writing." *Brunswick Corporation* v. *Liquor Control Commission,* 184 Conn. 75, 81, 440 A.2d 792 (1981).

Since, absent an agreement in writing, the court did not have subject matter jurisdiction to render orders for the support of children over eighteen years of age and since the plaintiff wife may not have agreed to the other provisions of the agreement without the provision relating to life insurance benefits for her adult children, the matter as to alimony and the disposition of property must be retried.

There is error, the judgment is set aside and a new trial is ordered limited to a determination of alimony and the disposition of the property of the parties.

In this opinion the other judges concurred.