## PARK CITY HOSPITAL *v.* COMMISSION ON HOSPITALS AND HEALTH CARE ET AL.
### (5470)

BORDEN, DALY and BIELUCH, Js.

*(One judge dissenting)*

Argued December 11, 1987—decision released May 17, 1988

*Sigmund L. Miller,* with whom was *George P. D'Amico,* for the appellant (plaintiff).

*Paul J. Lahey,* assistant attorney general, with whom, on the brief, were *Joseph I. Lieberman,* attorney general, and *Richard J. Lynch,* assistant attorney general, for the appellee (named defendant).

*Arnold Sbarge,* for the appellee (defendant Medical Management Corporation).

BORDEN, J. The plaintiff appeals from the judgment of the trial court dismissing its administrative appeal for lack of subject matter jurisdiction. The plaintiff challenges the procedure by which the court determined that it was not aggrieved by the decision of the named defendant, the commission on hospitals and health care (commission).[1] We find no error.

In January, 1983, the commission granted a certificate of need to the defendant Medical Management Corporation (MMC) to establish an ambulatory surgical facility in Bridgeport. The proceedings of the commission in connection with MMC's application for a certificate of need were conducted pursuant to the Uniform Administrative Procedure Act (UAPA), General Statutes §§ 4-166 through 4-189.

---

[1] We note that the plaintiff does not challenge the substance of the trial court's determination that it failed to plead or prove aggrievement properly. After briefs were filed, the plaintiff sought leave to add this issue to its statement of the issues and to file a supplemental brief. That request was denied by this court. Therefore, our review is limited to the manner in which the court proceeded to make that determination.

The plaintiff, an intervenor in those proceedings, challenged the commission's action by filing an appeal to the Superior Court pursuant to General Statutes § 4-183. In its complaint, the plaintiff alleged facts which it claimed showed that it was aggrieved by the decision of the commission. The commission, in its answer, denied the plaintiff's allegation of aggrievement.

During the pendency of the appeal, the plaintiff filed an "amended application for stay and restraining order pending decision of this appeal." The purpose of the application for stay, pursuant to General Statutes § 4-183 (c), was to prevent the opening of MMC's surgical facility pursuant to the certificate of need, pending a final decision by the trial court.

Hearings were held on the plaintiff's application for stay on various dates over the course of two months. At the commencement of those hearings, the court directed the parties to present and to argue the facts constituting the alleged aggrievement. The court stated that, unless the plaintiff could show that it was aggrieved by the commission's decision, the court lacked subject matter jurisdiction over the appeal.[2]

---

[2] At the commencement of the hearing, the court pointed out: "It's a jurisdictional matter. Unless there is a finding of aggrievement, the court is bound by the *Baldwin Piano* [sic] case, if you will, and numerous others, that unless the court can make a finding that the plaintiff is aggrieved, and [that] has been alleged in the amended application [for stay], as well as in the original application, as well as in the original appeal . . . I take the position, which may be a strict constructionist, if you will, the court has no jurisdiction to render any relief whatsoever, has no jurisdiction to address the issue in chief, and has no authority to grant any relief ancillary thereto by way of stay . . . . [N]umerous cases . . . say once the issue has been raised, and the court can raise it suo moto with respect to the jurisdiction matter . . . that has to be decided before I can take one further step . . . . I don't think I can differentiate between aggrievement for the purpose of this hearing, and aggrievement for the purpose of the hearing in chief, if you will. I go back to what I said before about being a strict constructionist on jurisdiction. I think the cases are quite clear that I cannot take one step further unless an issue of jurisdiction has been

On March 5, 1986, the plaintiff withdrew its application for stay because MMC's surgical facility had been in operation for several months. On March 7, 1986, the court filed its memorandum of decision, concluding that the plaintiff had not established aggrievement. The court therefore dismissed the plaintiff's appeal for lack of jurisdiction. This appeal followed.

The plaintiff claims that the court erred in dismissing its appeal because (1) the only matter before the court was the plaintiff's application for stay, and (2) the application under consideration was withdrawn prior to the filing of the decision on that application. We disagree.

Appeals from the decisions of state agencies are governed by the UAPA, which provides in pertinent part: "A person who has exhausted all administrative remedies available within the agency *and who is aggrieved by a final decision in a contested case* is entitled to judicial review by way of appeal under [the UAPA] . . . ." (Emphasis added.) General Statutes § 4-183 (a). Pleading and proof of facts which constitute aggrievement are essential prerequisites to the trial court's subject matter jurisdiction over an administrative appeal. *Ribicoff* v. *Division of Public Utility Control,* 38 Conn. Sup. 24, 26–27, 445 A.2d 325 (1980), aff'd, 187 Conn. 247, 445 A.2d 324 (1982); *Beckish* v. *Manafort,* 175 Conn. 415, 419, 399 A.2d 1274 (1978). As such, aggrievement is a threshold issue which is determined without reference to whether the claims of error on appeal are meritorious. *Ribicoff* v. *Division of Public Utility Control,* supra, 27.

The plaintiff makes much of the fact that the pleadings in this case were not closed. We note first, how-

resolved, and I have no jurisdiction to hear the matter unless aggrievement has been established . . . . I raised the issue of aggrievement. It was raised in the pleadings, and I would presume that that would be the first order of business, to get something on the record concerning aggrievement."

ever, that the commission had filed an answer in which it denied the plaintiff's allegations of aggrievement. Therefore, as between the plaintiff and the agency whose decision was being challenged, the pleadings were closed.[3]

Furthermore, we note that, on the basis of the commission's denial of the plaintiff's allegations of aggrievement, the trial court directed the parties to address the issue of aggrievement in the course of the hearing on the application for stay, and gave clear indication to the parties that the evidence adduced would be considered on the issue of whether the court had subject matter jurisdiction over the appeal. See footnote 2, supra. Lack of subject matter jurisdiction may be raised at any time. *Baldwin Piano & Organ Co.* v. *Blake,* 186 Conn. 295, 297, 441 A.2d 183 (1982); *Arseniadis* v. *Arseniadis,* 2 Conn. App. 239, 242, 477 A.2d 152 (1984). A trial court may act on its own motion when the lack of jurisdiction is brought to its attention. *Valley Cable Vision, Inc.* v. *Public Utilities Commission,* 175 Conn. 30, 32, 392 A.2d 485 (1978); *Lenge* v. *Goldfarb,* 169 Conn. 218, 222, 363 A.2d 110 (1975); see also Practice Book § 145.[4] "Whenever the absence of jurisdiction of the court is brought to its attention, the matter must be decided before any further action is taken." *East Side Civic Assn.* v. *Planning & Zoning Commission,*

---

[3] The state of the pleadings with respect to MMC, the other appearing defendant, is less clear. No answer to the complaint was ever filed by MMC. A motion for default for failure to plead was filed by the plaintiff against MMC on August 9, 1985. Later, while the court was hearing the evidence presented on the application for stay, MMC filed a request to revise, to which the plaintiff objected and with which it subsequently complied in part without further ruling by the court. MMC also filed a motion to dismiss on subject matter jurisdictional grounds less than a week before the court filed its memorandum of decision dismissing the appeal.

[4] "[Practice Book] Sec. 145. ——WAIVER AND SUBJECT MATTER JURISDICTION.

"Any claim of lack of jurisdiction over the subject matter cannot be waived; and whenever it is found after suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the appeal."

161 Conn. 558, 559, 290 A.2d 348 (1971); *Baldwin Piano & Organ Co.* v. *Blake,* supra, 297. Therefore, the court was authorized to take up the question of subject matter jurisdiction at this juncture in the proceedings.

Similarly, the plaintiff's argument that the trial court acted improperly because it considered the question of subject matter jurisdiction when the only matter brought before it for decision by the parties was the application for stay, is of no merit. As discussed above, the court is permitted to consider the question of subject matter jurisdiction at any time and may do so on its own motion. Practice Book § 145. Having given the parties proper notice that it intended to decide whether the plaintiff had sufficiently pleaded and proved aggrievement to give it jurisdiction over the appeal, the court was within its discretion in addressing this issue in the context of the hearing on the plaintiff's application for a stay. For this reason also, the plaintiff's claim that "[t]he court was not called upon to, nor could it, address the merits of the appeal" is unpersuasive. In fact, the court did not address the merits of the appeal; rather, it addressed the threshold issue of aggrievement, or subject matter jurisdiction, which must be determined without reference to whether the claims of error raised in the administrative appeal are valid. *Ribicoff* v. *Division of Public Utility Control,* supra. Likewise, the plaintiff's argument that more evidence of aggrievement could have been presented at some later hearing on the merits is unavailing where the question involved was one of subject matter jurisdiction, and where the plaintiff received fair notice that the facts going to prove aggrievement adduced at the hearing on the application for stay would be considered on the issue of subject matter jurisdiction. Thus, even the subsequent withdrawal of the plaintiff's application for stay did not deprive the court of

its authority to raise the issue of aggrievement or its responsibility to address that threshold issue, once it had been raised and litigated pursuant to proper notice to the parties that the issue would be addressed by the court based on the evidence and arguments presented at the hearing.

The plaintiff's arguments to the contrary are premised upon a fundamental misunderstanding of the role that subject matter jurisdiction plays in the operation of our judicial system. Jurisdiction over the subject matter goes to the competency of a court to render a valid judgment. 1 E. Stephenson, Connecticut Civil Procedure (2d Ed.) § 3 (b). Its limits on the authority of the judiciary are established by our legislature and cannot be waived or modified by the parties. *Lenge* v. *Goldfarb,* supra; *Arseniadis* v. *Arseniadis,* supra.

It is true that the timing of the procedure adopted by the trial court in this case was unorthodox, and we do not hold that a court should undertake to adjudicate aggrievement whenever an application for a stay is presented in an administrative appeal. Ordinarily, the court should not do so. The preferable procedure is to adjudicate that issue pursuant to a properly presented motion to dismiss based on lack of aggrievement, or when the administrative appeal is assigned for hearing on its merits. Under the circumstances of this case, however, we conclude that the court did not err in choosing to address the issue of aggrievement at an early stage in the proceedings after affording the parties adequate notice of its intention to do so.

The dissent's insistence on the need for compliance with the rules regarding the raising of subject matter jurisdiction pursuant to a motion to dismiss or at the hearing on the merits, with which we have no quarrel in general, overlooks two factors particular to this case. First, the plaintiff did not at any time object to the

procedure adopted by the trial court. In fact, the transcripts supplied to this court show that only the defendants raised concerns regarding the court's premature consideration of the issue of aggrievement. Thus, the plaintiff is deemed to have waived any procedural error committed by the court in adopting its unorthodox procedure. Second, just as a court may, without a formal motion to dismiss, sua sponte raise the issue of subject matter jurisdiction later in the proceedings than is called for by the rules; see *Lenge* v. *Goldfarb,* supra; *Arseniadis* v. *Arseniadis,* supra; it may also do so earlier than is called for, at least in the absence of an objection to that procedure.

Similarly, the dissent's assertion of a due process violation misses its mark in this case. The essence of due process in a case like this is whether there was adequate notice of the procedure, and a full and fair opportunity to litigate the issue in question. *Hartford Federal Savings & Loan Assn.* v. *Tucker,* 196 Conn. 172, 176–77, 491 A.2d 1084, cert. denied, 474 U.S. 920, 106 S. Ct. 250, 88 L. Ed. 2d 258 (1985). The court gave adequate notice to the plaintiff of its intention to determine the issue of aggrievement, and the parties fully litigated and briefed that issue over a period of two months.

There is no error.

In this opinion DALY, J., concurred.

BIELUCH, J., dissenting. I cannot agree with the conclusion of the majority opinion supporting the admittedly unorthodox procedure of the trial court. The action of the court in dismissing the administrative appeal, when called upon to consider only the plaintiff's application for a stay, was not only unorthodox and unprecedented, but also unwarranted, illegal and a denial of due process notwithstanding "notice of its

intention to do so." The majority's finding that the notice given was adequate is without basis in fact. The court's announced shift at the hearing from the plaintiff's request for a stay to the plaintiff's claim of aggrievement in its administrative appeal cannot be called "adequate notice" of an improper procedure. Notice of an illegal procedure does not clothe it with legality because of such warning.

The questioned procedure was admitted by the trial court to be without precedent. The court explained its action in this manner: "I do not think I can differentiate between aggrievement for the purpose of this hearing, and aggrievement for the purpose of the hearing in chief, if you will. . . . I do not know whether we have definitely nailed this down, but I think it would be appropriate to proceed all the way through and then I would simply make a finding as to aggrievement, yes or no. And then if I do find aggrievement, then I would make a ruling with respect to the stay. But I think the two of them are one of those peculiar things where they are sort of wrapped up in each other . . . . I am not sure that this has been really addressed in any appellate case per se, but as I have indicated before, that is the way I look at it. If you are not aggrieved, you are out for this purpose and it is just one of those things that just happened to come in. That it was not set down for a hearing on aggrievement per se. But I think as the case goes along that I can treat it for that purpose."

The right of the plaintiff to a stay pending an administrative appeal under General Statutes § 4-183 (c) of the Uniform Administrative Procedure Act (UAPA) should not be merged with the right of the plaintiff to take the appeal under § 4-183 (a). This is self-evident in the provision of § 4-183 (c) that "[t]he agency may grant, or the reviewing court may order, a stay upon appropriate terms." That the plaintiff sought a stay

from the court in this instance, rather than from the agency, should not expand the issue before the court; in either forum, the only question for resolution is the plaintiff's entitlement to a stay of the enforcement of the agency's decision under § 4-183 (c) pending the later determination of the administrative appeal.

In passing upon an application for a stay of enforcement of an agency order or decision, the proper standard for the court to apply is the "balancing of the equities" test. *Griffin Hospital* v. *Commission on Hospitals & Health Care,* 196 Conn. 451, 459–60, 493 A.2d 229 (1985). "Among the 'equities' to be placed on the scales, of course, are the general equitable considerations which are involved in the issuance of a temporary injunction to preserve the status quo pendente lite." Id., 460. The trial court in its consideration of the plaintiff's motion before it for a stay of the administrative decision did not even purport to apply the standard required for its decision. If one may analogize the court's action, it was as if the court dismissed an action for a permanent injunction when it was asked only to rule upon an application for a temporary injunction.

The issues before a trial court are defined by the particular matter submitted to it. As the majority opinion states, aggrievement is placed before the court for adjudication "pursuant to a properly presented motion to dismiss based on lack of aggrievement, or when the administrative appeal is assigned for hearing on its merits." The majority calls that procedure "preferable." I call it "required."

The court's memorandum of decision justified its premature consideration of the plaintiff's allegation of aggrievement as follows: "The case comes before the undersigned on an application by the plaintiff for a stay of the decision entered by the commission giving approval to [the defendant Medical Management Cor-

poration] for construction of a surgicenter. The matter was heard on various dates commencing on August 15, 1985, and concluding on October 15, 1985. During the course of the hearing, the court raised the issue as to whether any relief could be granted unless the plaintiff could establish that it was aggrieved by the commission's decision. . . . After discussion of the issue with counsel, the court ruled that the hearing would encompass the issue of aggrievement . . . . The basis of the plaintiff's claim of aggrievement is contained in paragraph 15 of the complaint: . . . This paragraph was denied by the defendant commission, thereby putting the matter of aggrievement in issue. At the time of the hearing, no answer had been filed by the defendant MMC.''[1] Simply put, the court made and applied its own procedural rule ipso facto. In that, it erred.

"The Superior Court is empowered to adopt and promulgate rules 'regulating pleading, practice and procedure in judicial proceedings in courts in which they have the constitutional authority to make rules, for the purpose of simplifying proceedings in the courts and of promoting the speedy and efficient determination of litigation upon its merits. Such rules shall not abridge, enlarge or modify any substantive right . . . .' General Statutes § 51-14 (a)." *Steadwell* v. *Warden,* 186 Conn. 153, 162, 439 A.2d 1078 (1982). No single judge may usurp that power from the entire judiciary. Orderly procedure and due process in the administration of justice requires the uniform application of the rules of practice properly adopted by the authorized body.

The procedural rules for civil actions apply to administrative appeals. Practice Book § 256. The order of allowed pleadings is prescribed in Practice Book § 112. The schedule or time for pleadings is set by Practice

---

[1] Nor had an answer been filed by the remaining two defendants, St. Vincent's Medical Center and Bridgeport Hospital.

Book § 114. Only when the pleadings of the parties have terminated in an issue or issues of fact decisive of the merits of the case "shall [it] be placed on the trial list." Practice Book § 253. "[I]n an administrative appeal, the plaintiff shall file his brief within thirty days after the filing of the defendant's answer and the return of the record; the defendant's brief shall be filed within thirty days of the plaintiff's brief. Within seventy-five days of the filing of the defendant's answer and the return of the record, the case shall be placed, without the need for a claim, on the trial list for administrative appeals." Practice Book § 257.

In appeals under the UAPA, the appeal shall be confined to the record and "[t]he court, upon request, shall hear oral argument and receive written briefs." General Statutes § 4-183 (f). A hearing is required in all administrative appeals under the provisions of General Statutes § 51-197b (a). "Due process is the keystone of our system of justice. A fair trial is the touchstone of due process. The principal component of a fair trial is a fair hearing after fair notice." *Shaw* v. *Planning Commission,* 5 Conn. App. 520, 525, 500 A.2d 338 (1985). " 'An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them the opportunity to present their objections.' *Mullane* v. *Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314 [70 S. Ct. 652, 94 L. Ed. 865] (1950). Failure to give notice violates 'the most rudimentary demands of due process of law.' *Armstrong* v. *Manzo,* 380 U.S. 545, 550 [85 S. Ct. 1187, 14 L. Ed. 2d 62] (1965). See also *World-Wide Volkswagen Corp.* v. *Woodson,* 444 U.S. 286, 291 [100 S. Ct. 559, 62 L. Ed. 2d 490] (1980); *Mathews* v. *Eldridge,* 424 U.S. 319, 333 [96 S. Ct. 893, 47 L. Ed. 2d 18] (1976); *Zenith Radio Corp.* v. *Hazeltine Research, Inc.,* 395 U.S.

100, 110 [89 S. Ct. 1562, 23 L. Ed. 2d 129] (1969); *Pennoyer* v. *Neff,* 95 U.S. 714, 733 [24 L. Ed. 565] (1878)." *Peralta* v. *Heights Medical Center, Inc.,* 485 U.S.    , 108 S. Ct. 29, 99 L. Ed. 2d 75 (1988).

The plaintiff was denied a fair hearing at a properly noticed trial on the issue of its aggrievement by the administrative decision appealed from. The premature and unanticipated "hearing" given the plaintiff on the issue of aggrievement to take the administrative appeal where the only question before the trial court was the plaintiff's entitlement to a stay of execution was improper and a denial of due process. "The fact that the pleadings were not closed restricts the authority of the trial court to render permanent judgments on pending claims." *Doublewal Corporation* v. *Toffolon,* 195 Conn. 384, 391, 488 A.2d 444 (1985).

For these reasons, I would find error.