[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The plaintiffs appeal from a decision of the State of Connecticut Building Codes and Standards Committee (Committee), which dismissed their appeal. The decision is dated July 29, 1997, and was mailed July 30, 1997. The plaintiffs, on September 10, 1997, filed a timely appeal pursuant to General Statutes § 4-183 of the Uniform Administrative Procedure Act (UAPA), General Statutes §§ 4-166, et seq.
The plaintiffs' appeal to the Committee sought as relief the reimbursement of building permit fees as well as the fining and CT Page 5874 imprisonment of Donald Schultz, a Town of Windham Building Official and the revocation of his building inspection license. Schultz and Windham appeared in the proceedings before the Committee, and on February 2, 1998, intervened in this action.
Windham and Schultz moved, on February 12, 1998, to dismiss this appeal. The parties briefed the motion and were heard in oral argument on April 27, 1998. The court, upon review of the file, record, briefs and oral argument, determines that it is without jurisdiction to hear this appeal. The motion is granted and the appeal is dismissed.
The plaintiffs' appeal is brought to vindicate rights allegedly violated under General Statutes § 29-262, to revoke the building inspection license of Schultz, and a return of permit fees under § 29-266.
The court finds that as to the claims under § 29-266, there is no statutorily mandated hearing required especially as to a claim for permit fee reimbursement.
Section 4-183 provides the right to an administrative appeal to a person who has exhausted all administrative remedies . . . and who is aggrieved by a final decision. . . ." General Statutes § 4-166 (3)(A) defines "final decision" as "the agency determination in a contested case." A contested cases is a "proceeding . . . in which the legal rights, duties or privileges of a party are required by statute to be determined by an agency after an opportunity for hearing or in which a hearing is in fact held." General Statutes § 4-166(2).
In Summit Hydropower Partnership v. Commissioner ofEnvironmental Protection, 226 Conn. 792 (1993), our Supreme Court affirmed that under § 4-183 the Superior Court lacks jurisdiction to hear an administrative appeal in the absence of a statutory provision requiring the agency to provide an opportunity for a hearing to determine a party's legal rights, duty or privileges.
Section 29-266[1] establishes an appeal process where "the permit, in whole or in part having been refused by the building official. . . ." In this case the permits were not denied in whole or in part. Nothing in the language of § 29-266
establishes a right to have permit fees reimbursed. This appeal does not involve a contested case and, therefore, is not a final CT Page 5875 decision for purposes of a UAPA appeal. The plaintiffs also are not aggrieved as to the § 29-262 claim.
As to their next claim, plaintiffs rely in their appeal on General Statutes § 29-262 which addresses the licensing of building officials. The plaintiffs appear to allege aggrievement from the failure of the Committee to revoke the Windham Building Official's license.
This appeal is governed by the UAPA and accordingly the court's jurisdiction "is created only by statute and can be acquired and exercised only in the manner prescribed by statute."United Cable Television Services v. Dept. of Public UtilityControl, 235 Conn. 334, 341 (1995). Pursuant to § 4-183 only a person "who is aggrieved by a final decision may appeal to the Superior Court. . . ." The issue of aggrievement must be addressed before proceeding further with the appeal. East SideCivic Assn. v. Planning and Zoning Commission, 161 Conn. 558, 559
(1971); Park City Hospital v. CHRO, 14 Conn. App. 413, 417
(1988), affirmed, 210 Conn. 697 (1989).
 [F]irst, the party claiming aggrievement must successfully demonstrate a specific personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the decision. . . . Cannavo Enterprises Inc. v. Burns, 194 Conn. 43, 47 (1984); Bakelaar v. West Haven, [193 Conn. 59,] 65 (1984)."
(Internal quotation marks omitted.) Med-Trans. of Conn., Inc. v.Dept of Public Health Addiction Services, 242 Conn. 152, 158-59
(1997).
The plaintiffs have failed to identify any greater interest than any other property owning member of the community in the licensure of the building official.
Also, the plaintiffs are not entitled to assert § 29 262 claims in that the Committee decision does not constitute a final decision on the licensing issue. CT Page 5876
Also, the previous decisions of the Committee are res judicata as to the issue raised in this appeal. (See Supplemental Return of Record, Case # A-9-94.)
Finally the plaintiffs' appeal must be dismissed because they failed to exhaust administrative remedies available with the Town of Windham, a predicate to a § 29 266 appeal to the Committee.
The Motion to Dismiss is granted and the appeal is dismissed.
Robert F. McWeeny, J.