[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The marriage of the parties was dissolved on January 31, 1999 and a Separation Agreement of even date incorporated into the decree. In Article II of said agreement, the parties agreed to joint custody of their minor child, born March 21, 1982, now 17 1/2 years of age and a senior in high school. The Wife's residence was considered primary and the Husband was given reasonable, liberal and flexible rights of visitation. On April 22, 1999, the parties agreed and the court ordered that ". . . the parties shall honor the wishes of their minor child with respect to where he wishes to reside."
At the time of the entry of the dissolution of marriage, the court ordered the Husband to pay, pursuant to the written separation agreement, the sum of $500 per week as child support ". . . until said child attains the age of eighteen (18) years or graduates from high school, whichever shall last occur. However, in the event ERIK attends college, said support payments shall continue until he graduates from college, but in no event beyond the age of twenty-three." On September 12, 1996, by written agreement, the child support amount was reduced to $450 per week CT Page 15368 where it remains until this time.
It is significant to note that the Separation Agreement further provides for the Husband to pay some, but not all, post-high school education expenses. Also included is an article providing that no modifications will be valid unless in writing. There are no provisions in the Agreement for court ordered modification of post-high school support.
Apparently, from the credible testimony introduced, the child has now decided to reside most all of the time with his father (98% according to the father and much less according to the mother). He does, however, still visit the mother's home on occasion where he maintains a room and some personal property. No motion for modification of custody was before the court, although the Husband did file such a motion in 1998 which was later marked "off' in the April 22, 1999 agreement between the parties.
The Husband now comes before the court seeking a modification of child support, essentially on the basis that the child now lives full time with him. A review of the financial affidavits does not indicate any adverse impact upon the Husband's financial situation as a result. Thus presented is the anomalous situation of a Husband continuing to pay child support to his ex-wife, for a child who formerly lived with the ex-wife but now lives with him.
Statutorily, the court has the power to enter and modify support orders until a child graduates from high school or age 19 which ever first occurs. Conn. Gen. Stat. Sec. 46b-84 (b). There is no statutory authority for support beyond that age without some reservation of jurisdiction. In a long line of cases, our Supreme Court and Appellate Court have reaffirmed this principle. In the most recent case, Miner v. Miner, 48 Conn. App. 409
(1998), 709 A.2d 605, at page 411, our Appellate Court stated:
 In 1977, "[t]he legislature amended General Statutes § 46b-66
(then § 46-49) in order to provide for the support of post majority children only if there is an agreement to do so and if it is in writing. Public Acts 1977, No. 77-488, § 1. The legislative history of the amendment makes it clear that such is the case. The purpose of the amendment was to ensure that a written agreement involving support for adult children and submitted to the court by the parties in connection with an action for a dissolution of marriage could be incorporated CT Page 15369 into the judgment or orders of the court, thereby making such orders enforceable through contempt proceedings. 20 H.R. Proc., Pt. 8, 1977 Sess., pp. 3022-25; 20 H.R. Proc., Pt. 13, 1977 Sess., pp. 5591-92; 20 S. Proc., Pt. 8, 1977 Sess., pp. 3013-14. The legislature recognized that although a contract for the support of adult children might be enforceable by instituting a separate action for the enforcement of that contract, such a suit would require a lengthier time for resolution and that the agreement could not be enforced by contempt proceedings." Arseniadis v. Arseniadis, 2 Conn. App. 239, 244-45, 477 A.2d 152 (1984).
 "A parent's obligation to support his or her children exists only until the age of majority. General Statutes § 46b-84. The court cannot, without the consent of both parents, alter a voluntary obligation undertaken by a parent beyond his or her legal obligation. . . . To accept the plaintiffs contention that the trial court has jurisdiction to modify post majority child support agreements pursuant to § 46b-86
would be to conclude that the trial court has greater power during a modification proceeding than it had during the original dissolution proceeding." (Citations omitted.) Albrecht v. Albrecht, supra, 19 Conn. App. 155-57.
In the instant case, it is abundantly clear that this court has the power to modify the support order until the child reaches his majority, or if still in high school, until graduation but no later than age 19 years. Absent written agreement, the court has no power to modify the support order which continues beyond that time.
Under the present circumstances, the court believes it is fair and equitable to reduce the child support obligation of the Husband to the sum of $45 per week. This reduction only applies, unless sooner modified by another change in circumstances, until the child reaches the age of majority, or if still in high school, until graduation but not later than 19 years. For example, if the child enrolls in college after high school, the order will revert to the written agreement of the parties. This order is retroactive to August 4, 1999 by stipulation of the parties.
No counsel fees are awarded to either party.
CUTSUMPAS, J. CT Page 15370