[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION 
The plaintiffs, Vivian W. Harris, George G. Harris, Susan V. Bailey, George 0. Harris, Janet S. Harris, Cordeiro's Construction Company, Carl M. Dunham, Jr., Victor Nelson, Nick Penachio Co., and Reimer Family CT Page 633 Partnership appeal from the decision of the defendant zoning commission of the town of New Milford ("commission") amending the regulation defining lot area. The commission acted under General Statutes §8-3.[1] The plaintiffs appeal pursuant to General Statutes § 8-8.
The plaintiffs own large parcels of undeveloped land in the town of New Milford and each property is located in a residential zone.[2] The plaintiffs claim that the amended regulation is invalid on a number of grounds.
The procedural history is not in dispute and is clear from the record. On December 21, 1999, the commission held a public hearing on a proposed amendment to Section 015-010 of its regulations. Legal notice of the meeting was published on December 10 and 17, 1999. The hearing began on December 21, 1999, and was continued to its conclusion on January 11, 2000. On February 3, 2000, the commission voted to adopt the proposed amendment to Section 015-010. Notice of that decision was published on February 11, 2000. This appeal followed by service of process on February 24, 2000.
The court must first address the issue of aggrievement. East Side CivicAssn. v. Planning and Zoning Commissioner, 161 Conn. 558, 559 (1971);Park City Hospital v. CHRO, 14 Conn. App. 413, 417 (1988), aff'd,210 Conn. 697 (1989).
The amendment adopted by the commission on February 3, 2000, reads as follows:
 Lot Area: The total horizontal area within the lot lines. In determining compliance with the minimum lot area requirements of these regulations, areas consisting of wetlands, watercourses, slopes in excess of 25%, portions of the lot less than 25 feet wide, or the private right-of-way leading to the rear of the lot shall not be included.
(Return of Record [ROR] 14)[3]
The plaintiffs allege that they are aggrieved pursuant to General Statutes § 8-8(a)(1) because they own property that is involved in the decision of the board. They also allege that they are classically aggrieved because the amendment affects only a small percentage of the property owners in the town, affects property owners of large parcels more than smaller ones and has no practical effect upon those who own building lots that have already been developed. CT Page 634
On August 23, 2000, the court heard testimony on the issue of aggrievement. The plaintiffs have pleaded and presented testimony that they are the owners of property containing wetlands, watercourses, and slopes in excess of 25 per cent located in the zones affected by the amendment. In addition, they have presented evidence through Russell Posthauer, Jr., a professional engineer, of the reduction in lots for each property as a result of the amended regulation. Further, Thomas Pilla, a builder and developer, testified as to the cost to the plaintiff property owners in developing fewer lots, including the cost of shortened subdivision road. The commissioner's counsel elicited testimony to the effect that no plaintiff has filed a subdivision application.
"Aggrievement is established if there is a possibility, as distinguished from a certainty, that some legally protected interest . . . has been adversely affected." (Internal quotation marks omitted.) Hallv. Planning Commission, 181 Conn. 442, 445 (1980). "The question of aggrievement is one of fact to be determined by the trial court."Glendenning v. Conservation Commission, 12 Conn. App. 47, 50 (1987), appeal dismissed, 205 Conn. 802 (1989). "Pleading and proof of aggrievement [are] prerequisites to the trial court's jurisdiction over the subject matter of [this] appeal." Walls v. Planning ZoningCommission, 176 Conn. 475, 479 (1979).
"Aggrievement falls within two broad categories, classical and statutory." (Internal quotation marks omitted.) Cole v. Planning ZoningCommission, 30 Conn. App. 511, 514 (1993). "Statutory aggrievement exists by legislative fiat, which grants appellants standing by virtue of a particular legislation, rather than by judicial analysis of the particular facts of the case." Id., 514-15. The applicable statute is General Statutes § 8-8(a)(1) which defines an aggrieved person as:
 a person aggrieved by a decision of a board and includes any officer, department, board or bureau of the municipality charged with enforcement of any order, requirement or decision of the board. In the case of a decision by a zoning commission, planning commission, combined planning and zoning commission or zoning board of appeals, "aggrieved person" includes any person owning land that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the board.
Thus, pursuant to § 8-8(a), an owner of real estate abutting or within 100 feet of "land affected by a decision of a zoning board authority has standing to pursue an appeal." Nick v. Planning ZoningCommission, 6 Conn. App. 110, 112 (1986). CT Page 635
In Cole v. Planning Zoning Commission, the plaintiffs owned real estate within 100 feet of property where an individual intended to operate a sawmill, a use that would be permitted under the amended, but not the original, regulation. Cole v. Planning Zoning Commission, supra, 30 Conn. App. 513. The court found that the plaintiffs were aggrieved pursuant to § 8-8 because they owned land within "zones to which the amendment pertains. . . ." Id., 514. Judge Fuller, in Park CityRealty v. Stratford Zoning Commission, cautions: "[this] does not mean, however, that a general amendment to the zoning regulations applying to all or almost all properties in the town, gives any property owner standing to appeal the zoning amendment. That would undercut the entire purpose of the classical aggrievement provision in 8-8. Statutory aggrievement was enacted to eliminate the requirement that an appellant prove specific injury when appealing from a decision concerning nearby or abutting property." Park City Realty v. Stratford Zoning Commission, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 307625 (March 25, 1994, Fuller, J.).
In Nick v. Planning Zoning Commission, supra, the plaintiffs were also found to be aggrieved pursuant to § 8-8. There, the defendant amended its zoning regulations to allow municipal buildings to be converted into multi-family dwellings and the plaintiffs owned land abutting town property containing a building previously used as a public school. Nick v. Planning Zoning Commission, supra, 6 Conn. App. 111.
In Timber Trails Corp. v. Planning Zoning Commission, 222 Conn. 374
(1992), the plaintiffs appealed the decision of the commission to amend the zoning regulations to the minimum lot size requirement in a particular zone from 40,000 to 80,000 square feet. Prior to its decision the amendment, the commission failed to file a copy of the proposed regulations with the town clerk as required by statute. The plaintiffs owned property in the affected zone. In a footnote, the Supreme Court stated: "[a]s owners of land in zone B, the plaintiffs are aggrieved parties." Timber Trails Corp. v. Planning Zoning Commission, supra,222 Conn. 376 n. 3.[4]
Aggrievement as defined by the legislature under § 8-8 is "a significant liberalization of the law of aggrievement concerning those who can appeal to court from a decision of a zoning agency." Caltabianov. Planning Zoning Commission, 211 Conn. 662, 668 (1989). TheCaltabiano court noted further that "[b]efore the addition of statutory appellate rights, a person appealing from such a decision had, then as now, an arduous burden to allege and prove so-called classical aggrievement." Finally, the court considered the policy behind statutory aggrievement. CT Page 636
 It is in light of the formidable barriers to access to the courts for a zoning appeal that we ascertain the legislative intent in granting certain persons statutory aggrievement. We conclude that the legislature presumed as a matter of common knowledge that persons owning property within close proximity to a projected zoning action would be sufficiently affected by the decision of a zoning agency to be entitled to appeal that decision to court. Giving such a right to the narrow class of abutters and those owning property within 100 feet of the land involved would not unduly enlarge the class of those entitled to appeal such a decision. On the other hand, the delay, difficulty and expense of proving classical aggrievement would be eliminated.
Id., 668-69; see also Cole v. Planning Zoning Commission, supra,30 Conn. App. 514-15.
Based upon the evidence presented and in light of the applicable authority, the court finds that the plaintiffs are statutorily aggrieved pursuant to § 8-8(a) as they are owners of property affected by the decision of the commission.
While the commission did not brief the issue, its counsel argued before the court on October 11, 2000, that the appeal should be dismissed because the plaintiffs' only remedy was by way of a declaratory judgment action. Because this is an issue of standing, implicating subject matter jurisdiction, the court addresses it.
The court read the two authorities relied upon by the parties. The plaintiffs cite Stafford Higgins Industries, Inc. v. City of Norwalk,245 Conn. 551 (1998). The commission relies on Bombero v. Planning Zoning Commission, 218 Conn. 737 (1991).
In Bombero, plaintiffs challenged the certain amendments to subdivision regulations on the grounds that the regulations were unconstitutionally vague and arbitrary. The challenge was brought by appeal from the zoning commission's action enacting the amendments. Relying in part uponCioffoletti v. Planning Zoning Commission, 209 Conn. 544 (1989), overruled 245 Conn. 581 (1998), the Bombero court noted that because the plaintiffs claims were a "general attack" on the validity of the regulations, they should have been presented through a declaratory judgment action "in which other property owners who may have an interest would have had the opportunity to intervene and be heard." Bombero, CT Page 637 supra, 218 Conn. 742. In addition to the Cioffoletti rationale, the court reasoned that an administrative appeal lacks a sufficient factual basis in the record on which to determine the claimed vagueness of the regulation. Id., 743. The court then held, after noting that the plaintiffs' principal claim was of unconstitutional vagueness:
 We hold only that where, as here, the plaintiff mounts a general attack on the legislative enactment of a regulation, primarily based on constitutional vagueness grounds, and combines therewith nonconstitutional grounds for the regulation's invalidity, he must do so by a declaratory judgment action rather than by an appeal from the enactment.
Id., 745.
In Stafford Higgins, the plaintiff property owner attacked the city's resolution to stay the implementation of the 1993 revaluation through both a tax appeal under General Statutes § 12-119 and a declaratory judgment action. The court explicitly abandoned the Cioffoletti rule "requiring that general attacks on the validity of legislation be brought in the form of declaratory judgments instead of substantive appeals."Stafford Higgins Industries, Inc. v. City of Norwalk, supra, 245 Conn. 582. The Stafford Higgins court noted that the cases relied on in Cioffoletti
support the rule. The court essentially dismissed the concern for third party interests.
Based on this authority and the fact that these plaintiffs make no constitutional claims, the court concludes that the plaintiffs may present their claims through this statutory appeal. Accordingly, the court addresses the appeal on its merits.
The plaintiffs bring this appeal on the grounds that the amendment: 1) fails to conform to the town's plan of conservation and development despite the fact that such was the only articulated reason for the amendment; 2) violates the requirement for uniformity in the regulations under General Statutes § 8-2; and 3) lacks a rational basis.
The court's scope of review in considering the commission's action is well established. The Supreme Court in Protect Hamden/North Haven fromExcessive Traffic Pollution, Inc. v. Planning Zoning Commission,220 Conn. 527, 542-44 (1991), reiterated that scope of review:
We have often articulated the proper, limited scope of judicial review of a decision of a local zoning commission when it acts in a legislative capacity by CT Page 638 amending zoning regulations. [T]he commission, acting in a legislative capacity, [has] broad authority to adopt the amendments. . . .In such circumstances, it is not the function of the court to retry the case. Conclusions reached by the commission must be upheld by the trial court if they are reasonably supported by the record. The credibility of the witnesses and the determination of issues of fact are matters solely within the province of the agency. The question is not whether the trial court would have reached the same conclusion but whether the record before the agency supports the decision reached. . . .Acting in such legislative capacity, the local board is free to amend its regulations whenever time, experience, and responsible planning for contemporary or future conditions reasonably indicate the need for a change. . . .The discretion of a legislative body, because of its constituted role as formulator of public policy, is much broader than that of an administrative board, which serves a quasi-judicial function. . . .This legislative discretion is wide and liberal, and must not be disturbed by the courts unless the party aggrieved by that decision establishes that the commission acted arbitrarily or illegally. . . .Zoning must be sufficiently flexible to meet the demands of increased population and evolutionary changes in such fields as architecture, transportation, and redevelopment. . . . The responsibility for meeting these demands rests, under our law, with the reasoned discretion of each municipality acting through its duly authorized zoning commission. Courts will not interfere with these local legislative decisions unless the action taken is clearly contrary to law or in abuse of discretion. . . .Within these broad parameters, [t]he test of the action of the commission is two fold: (1) The zone change must be in accord with a comprehensive plan, General Statutes § 8-2, . . . and (2) it must be reasonably related to the normal police power purposes enumerated in § 8-2
. . . .
(Brackets in original; citations omitted; internal quotation marks omitted.)
The court examines each of the plaintiffs' three claims guided by this law and the pertinent provisions of General Statutes § 8-2. Those CT Page 639 provisions read:
(a) The zoning commission of each city, town or borough is authorized to regulate, within the limits of such municipality, the height, number of stories and size of buildings and other structures; the percentage of the area of the lot that may be occupied; the size of yards, courts and other open spaces; the density of population and the location and use of buildings, structures and land for trade, industry, residence or other purposes, including water-dependent uses as defined in section 22a-93, and the height, size and location of advertising signs and billboards. Such bulk regulations may allow for cluster development as defined in section 8-18. Such zoning commission may divide the municipality into districts of such number, shape and area as may be best suited to carry out the purposes of this chapter; and, within such districts, it may regulate the erection, construction, reconstruction, alteration or use of buildings or structures and the use of land. All such regulations shall be uniform for each class or kind of buildings. structures or use of land throughout each district, but the regulations in one district may differ from those in another district, and may provide that certain classes or kinds of buildings, structures or uses of land are permitted only after obtaining a special permit or special exception from a zoning commission, planning commission, combined planning and zoning commission or zoning board of appeals, whichever commission or board the regulations may, notwithstanding any special act to the contrary, designate, subject to standards set forth in the regulations and to conditions necessary to protect the public health, safety, convenience and property values. Such regulations shall be made in accordance with a comprehensive plan and in adopting such regulations the commission shall consider the plan of conservation and development prepared under section 8-23. Such regulations shall be designed to lessen congestion in the streets; to secure safety from fire, panic, flood and other dangers; to promote health and the general welfare; to provide adequate light and air; to prevent the overcrowding of land; to avoid undue concentration of population and to facilitate the adequate provision for transportation, CT Page 640 water, sewerage, schools, parks and other public requirements. Such regulations shall be made with reasonable consideration as to the character of the district and its peculiar suitability for particular uses and with a view to conserving the value of buildings and encouraging the most appropriate use of land throughout such municipality. . . .
(Emphases added.)
As to the first claim that the amendment does not conform with the plan of conservation and development, the court disagrees. The plaintiffs argue that commissioner Temple stated that the regulation was amended to conform with the plan and that because the plan calls for 50 per cent (not 100 per cent) of the slopes and wetlands and watercourses to be excluded, the amendment does not in fact conform to the plan. First, as noted by the commissioner's counsel during argument, the remarks of one commissioner do not limit the court's determination. "The principle that a court should confine its review to the reasons given by a zoning agency does not apply to any utterances, however incomplete, by the members of the agency subsequent to their vote. It applies where the agency has rendered a formal, official, collective statement of reasons for its action." Protect Hamden/North Haven v. Planning and Zoning, supra,220 Conn. 544. Accordingly, this court is obligated to search the record for a basis to uphold the court's decision. Id. Finally, in light of the clear language of § 8-2, the plaintiffs acknowledge that the plan is not binding on the commission. (Pls.' Br. dated 06/20/00 at 5.) Accordingly, the court must review the record for substantial evidence to support the record. It has done so and finds that the amendment is supported by the articulated goals and recommendations of the plan as well as the testimony of individuals at the hearing. (ROR 10 at 1-4, 34-35, 44-46, ROR 15 at 30-32.)
The plaintiffs' second claim is that the amendment violates the requirement under § 8-2 that regulations be "uniform for each class or kind of buildings, structures or use of land throughout each district. . . ." The plaintiffs argue that the amendment creates different minimum lot sizes within the same zoning district because some lots have slopes in excess of twenty-five per cent and wetlands and watercourses that will necessitate larger minimum lot sizes. They citeVeseskis v. Bristol Zoning Commission, 168 Conn. 358 (1975), in support of their argument. The facts of that case, however, make it inapplicable to this case. There, the commission effected a zone change and provided for a buffer zone on one side of a specific parcel of land. Here the amendment applies consistently to all parcels throughout residential zones. See Pleasant Valley Neighborhood Association v. Planning ZoningCT Page 641Commission, 15 Conn. App. 110, 116 (1988). The plaintiffs also argue that because the slope contours and gradings and the wetlands are not specifically defined, the amendment will not be uniformly applied.
 The standard for determining the adequacy of subdivision regulations is whether they are as reasonably precise as the subject matter requires and are reasonably adequate and sufficient to guide the commission and to enable those affected to know their rights and obligations. . . .Although some standards may be general, the regulation must be reasonably sufficient to identify the criteria to be evaluated in their enforcement in order to meet the many variables involved since it would be impossible to establish one standard which would adequately cover all future cases.
(Internal quotation marks omitted; citations omitted.) Smith v. ZoningBoard of Appeals, 227 Conn. 71, 93-4 (1993), cert. denied, 510 U.S. 1164,114 S.Ct. 1190, 127 L.Ed.2d 540 (1994).
The record shows that there is sufficient identification of the criteria. (ROR 12 at 2.) The slopes can be identified through engineering techniques and the wetlands are defined under General Statutes §22a-38.[5] The amendment meets the uniformity requirement under the statute by providing "fair notice to applicants and ensuring their equal treatment." Kaufman v. Zoning Commission, 232 Conn. 122, 147 (1995).
Finally, the plaintiffs argue that excluding slopes in excess of twenty-five per cent and wetlands and watercourses from a determination of lot size lacks a rational basis. They note that construction is allowed in the excluded areas so that there is no public health or safety problem addressed by this amendment. "In considering whether this regulation works to achieve a proper legislative object of zoning, we must examine it to see if it operates in a manner reasonably related to such a legitimate purpose of zoning." Builders Service Corporation, Inc.v. Planning Zoning Commission, 208 Conn. 267, 284 (1988).
Under General Statutes § 8-2, the commission regulates, inter alia, to "promote health and general welfare." "The concept of the public welfare is broad and inclusive. . . .The values it represents are spiritual as well as physical, aesthetic as well as monetary. It is within the power of the legislature to determine that the community should be beautiful as well as healthy, spacious as well as clean, well-balanced as well as carefully patrolled." Figarsky v. Historic District Commission,171 Conn. 198, 207-08 (1976). As noted in the Plan of Conservation and CT Page 642 Development, one of the goals or objectives of New Milford's land use agencies is to balance development and conservation:
 Residential Development Controls — In residential areas of the town, particularly the more rural parts, there is a need for appropriate lot sizes and slope regulations to control development in a responsible manner and encourage a respect for the environment.
(ROR 11 at 34.) Because the amended regulation is reasonably related to the articulated and legitimate goal of balancing development and conservation, it does not lack a rational basis.
Under its limited scope of review, this court cannot substitute its judgment for that of the commission. Because there is evidence to support the commission's decision and because there is nothing in the record to indicate that the commission acted illegally or arbitrarily, the appeal is dismissed.
DIPENTIMA, J.