[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Kenneth W. Hutwohl, has brought suit against the defendant, State of Connecticut, Department of Motor Vehicles ("State" or "DMV") challenging the constitutionality of certain aspects of the procedure adopted by DMV in connection with the administration of §14-37a of the Connecticut General Statutes. Section 14-37a authorizes the Commissioner of Motor Vehicles to issue a special permit to a person whose operator's license is under suspension which allows that person to operate a motor vehicle to and from his place of employment during the term of his suspension. Plaintiff claims, inter alia, that he is constitutionally entitled to an administrative hearing at DMV on his application for a special permit, but that DMV has refused to provide him with a hearing. In his prayer for relief, therefore, plaintiff asks that the court order the DMV "for a hearing to grant the plaintiff a Special Permit to Operate a Motor Vehicle to and [f]rom Work."
 I
In conjunction with the filing of this lawsuit against the State, the plaintiff has obtained an order from the court directing the DMV to appear in court on March 5, 2001, "to show cause why the foregoing application and verified motion[1] of KENNETH W. HUTWOHL for an order requiring defendant to grant a hearing for the plaintiff to obtain a Special Permit to Operate a Motor Vehicle to and other relief, should not be granted . . ."[2] In other words, plaintiff is attempting to secure in a show cause proceeding, that presumably is in the nature of a request for a temporary injunction, most of the ultimate relief he is seeking in the lawsuit. The defendant State objects to the plaintiff's request for hearing. Such relief is contrary to the purpose served by a temporary injunction. Moreover, a hearing in connection with plaintiff's application for a special permit under § 14-27a is neither supported by the underlying facts of plaintiff's license suspension, nor the law governing the issuance of such permits. Finally, the plaintiff cites no statutory authority to request a hearing that breaches sovereign immunity as this is not an appeal under UAPA, Connecticut General Statutes §4-183. CT Page 6886
 II
The plaintiff's Connecticut motor vehicle operator's license has been under continuous suspension since December 13, 1997.
On or about February 2, 1998, the plaintiff submitted an application to DMV requesting the issuance of a special operator's permit under §14-37a of the Connecticut General Statutes.
A special permit authorizes a person whose motor vehicle operator's license has been suspended under Chapter 246 or Chapter 248 of the Connecticut General Statutes "to operate a motor vehicle to and from such person's place of employment or, if such person is not employed at a fixed location, to operate a motor vehicle only in connection with, and to the extent necessary, to properly perform such person's business or profession." Section § 14-37a (a). Section 14-37a further provides, however, that a person whose operator's license has been suspended "pursuant to section 14-215 for operating under suspension or pursuant to section 14-140 for failure to appear for trial," is not eligible to apply for a special permit.
By notice dated February 26, 1998, the DMV driver services division informed plaintiff that he was ineligible to apply for a special permit because his operator's license was under suspension pursuant to §14-140 for failure to appear in court.
By letter dated June 5, 2000, Attorney David Grossman, on behalf of the plaintiff, requested a hearing. On or about June 13, 2000, Attorney Grossman was notified that his request was denied. The DMV denial letter outlined plaintiff's recent driving history and noted that plaintiff was currently serving a five year license suspension for operating under suspension in violation of § 14-215, and that he was not eligible for restoration of his operator's license until September 21, 2003.
By application dated November 28, 2000, plaintiff again requested the issuance of a special permit. This request was supported by Attorney Grossman. Once again, by notice dated December 1, 2000, the DMV driver services division informed the plaintiff that he was ineligible to apply for a special permit due to the fact that his operator's license was under suspension pursuant to § 14-215 for operating under suspension, and also for failure to appear in court.
In short, the plaintiff has not been eligible to apply for a special permit because his operator's license has been under suspension pursuant to §§ 14-215 and 14-140, and therefore is currently ineligible to apply for a special permit. CT Page 6887
 III
"It is axiomatic that once the issue of subject matter jurisdiction is raised, it must be immediately acted upon by the court [Commissioner]."Federal Deposit Insurance Corp. v. Peabody N.E., Inc., 239 Conn. 93, 99,680 A.2d 1321 (1996); Gurliacci v. Mayer, 218 Conn. 531, 544-545,590 A.2d 914 (1991); Statewide Grievance Committee v. Rozbicki,211 Conn. 232, 245, 558 A.2d 996 (1989).
"Questions of lack of jurisdiction may be raised at anytime, even by the court suo motu." Lenge v. Goldfarb, 169 Conn. 218, 222, 363 A.2d 110
(1975). Furthermore, "[w]henever the absence of jurisdiction of the court is brought to its attention, the matter must be decided before any further action is taken. (Internal quotation marks omitted.) East SideCivic Assn. v. Planning and Zoning Commission, 161 Conn. 558, 559,290 A.2d 348 (1971); see also Valley Cable Vision, Inc. v. PublicUtilities Commission, 175 Conn. 30, 32, 392 A.2d 485 (1978); Park CityHospital v. Commission on Hospitals Health Care, 14 Conn. App. 413,542 A.2d 326 (1988), aff'd, 210 Conn. 697, 556 A.2d 602 (1989). As the Supreme Court stated in Baldwin Piano Organ Co. v. Blake, 186 Conn. 295,297, 298, 441 A.2d 183 (1982): "Whenever the absence of jurisdiction is brought to the notice of the court or tribunal, cognizance of it must be taken and the matter passed upon before it can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction.Rhode Island v. Massachusetts, 12 Pet. (37 U.S.) 657, 717; Denton v.Danbury, 48 Conn. 368, 372." (Internal quotation marks omitted.) WoodmontAssn. v. Milford, 85 Conn. 517, 525, 84 A. 307 (1912).
 IV
In this case, the plaintiff cannot bring a suit against the State without the State's consent/statutory authority. The plaintiff cites none in his complaint. Since the plaintiff has no permitted cause of action against the State under UAPA, the court lacks subject matter jurisdiction. The lack of jurisdiction requires dismissal of the claim.
Holden, J.