JUDITH V. PINA *v.* RALPH J. PINA III
(AC 18018)

O'Connell, C. J., and Foti and Sullivan, Js.

Argued June 1—officially released September 21, 1999

*Andrew B. Nevas*, for the appellant (defendant).

*Sari B. Jaffe*, with whom was *Rhonna W. Rogol*, for the appellee (plaintiff).

*Opinion*

O'CONNELL, C. J. The defendant, Ralph J. Pina III, appeals from the judgment of the trial court vacating a prior order modifying his postmajority child support obligations and from that court's subsequent denial of his motion to set aside the order vacating the modification. On appeal, the defendant claims that the trial court improperly (1) held that General Statutes § 46b-66[1]

---

[1] General Statutes § 46b-66 provides in relevant part: "In any case under this chapter where the parties have submitted to the court an agreement concerning the . . . support of any of their children . . . the court shall . . . determine whether the agreement of the spouses is fair and equitable under all the circumstances. If the court finds the agreement fair and equitable, it shall become part of the court file, and if the agreement is in writing,

requires a written agreement, (2) concluded that the parties could not waive the requirement that modifications be in writing and (3) failed to find that the plaintiff was estopped from claiming that the modification was ineffective. We affirm the judgment of the trial court.

The record discloses the following procedural history. In 1986, the trial court, *Hon. William L. Tierney,* judge trial referee, rendered judgment dissolving the parties' marriage. At the time of the dissolution, the parties had two minor children. The dissolution decree incorporated the parties' written separation agreement that included a postmajority child support provision. That provision required the defendant to make contributions toward the college expenses of the parties' two children until each child reached the age of twenty-three.

In 1990, the plaintiff, Judith V. Pina, filed a contempt motion with the trial court seeking payment from the defendant of child support arrearage. Apparently, the parties reached an agreement on the arrearage and also agreed that the defendant's postmajority child support obligation would terminate upon the children's graduations from high school. The modification was presented orally to the court as a stipulated agreement. The trial court, *Coppeto, J.,* approved the agreement on the arrearage and rendered judgment modifying the original decree.

In September, 1997, the plaintiff filed a motion to vacate the 1990 modification on the ground that the trial court did not have jurisdiction to modify the postmajority support provision because the agreement was

it shall be incorporated by reference into the order or decree of the court. . . . *If the agreement is in writing* and provides for the . . . support of a child beyond the age of eighteen, it may also be incorporated or otherwise made a part of any such order and shall be enforceable to the same extent as any other provision of such order or decree, notwithstanding the provisions of section 1-1d." (Emphasis added.)

not in writing as required by § 46b-66. On October 6, 1997, the trial court, *Harrigan, J.*, granted the plaintiff's motion. On October 27, 1997, the defendant filed a motion to reargue and to set aside the October 6, 1997 order. The trial court granted the motion to reargue and denied the motion to set aside the order. This appeal followed.

I

The defendant first claims that the trial court had jurisdiction to render the 1990 judgment modifying post-majority support and, accordingly, the trial court's 1997 order to vacate the modification should be set aside. The defendant argues that § 46b-66 does not require a written agreement in the present case and urges the court to adopt a statutory interpretation that is contrary to the previous holdings of this court and our Supreme Court.[2]

In 1977, the legislature amended § 46b-66. See Public Acts 1977, No. 77-488, § 1. Prior to the 1977 amendment, the Superior Court did not have jurisdiction to make postmajority child support orders. The legislature's intent in amending § 46b-66 was to confer a limited jurisdiction on the Superior Court over postmajority child support. *Hirtle* v. *Hirtle*, 217 Conn. 394, 399, 586 A.2d 578 (1991). The language of § 46b-66 clearly requires a written agreement of the parties. The purpose of this amendment was to ensure that, if there was a written agreement of both parties, the court could incorporate that agreement into the existing orders of the court, making the modification enforceable by the court through contempt proceedings. Id.; *Albrecht* v. *Albrecht*, 19 Conn. App. 146, 154, 562 A.2d 528, cert. denied, 212 Conn. 813, 565 A.2d 534 (1989); *Arseniadis*

---

[2] This court will not reexamine or reevaluate Supreme Court precedent. *State* v. *Reis*, 33 Conn. App. 521, 527, 636 A.2d 872, cert. denied, 229 Conn. 901, 640 A.2d 118 (1994).

v. *Arseniadis*, 2 Conn. App. 239, 244, 477 A.2d 152 (1984). Because the language of § 46b-66 clearly requires a written agreement, the trial court in the present case properly held that the 1990 court lacked jurisdiction to modify the postmajority order.

## II

The defendant next claims that the trial court improperly concluded that the parties could not waive the requirement that modifications to postmajority support orders be in writing. The defendant argues that a written agreement is not required in this case because § 11.2 of the separation agreement provides for future modification and, therefore, the parties may amend the dissolution decree by mutual agreement at their discretion. The defendant claims that this provision operates as a waiver of the requirements set forth in § 46b-66. The defendant's argument is based on the premise that, by mutual agreement, the parties may waive the statutory requirement that the agreement be in writing. We are not aware of any legal principle that suggests that individuals, by contract, may change the law. The defendant has not supported this premise with any persuasive legal authority and, therefore, his argument must fail.

The parties are free to enter into a contract and to modify any existing contracts. That does not, however, give them the right or ability to confer jurisdiction on a court where such jurisdiction is statutorily precluded. "Subject matter jurisdiction, unlike jurisdiction of the person, cannot be created through consent or waiver." *Castro* v. *Viera*, 207 Conn. 420, 429–30, 541 A.2d 1216 (1988).

Because the clear language and intent of § 46b-66 limits the jurisdiction of the trial court to modify postmajority support orders by requiring a written agreement, we conclude that the 1990 court did not

have jurisdiction to act on the oral stipulation. Accordingly, we need not reach the defendant's argument regarding estoppel.

The judgment is affirmed.

In this opinion the other judges concurred.