Motion to strike; torts; negligence per se; public policy; nuisance; reckless misconduct; intentional infliction of emotional distress; breach of contract; in action by plaintiffs against defendant, commercial service provider of internet access for named defendant, whose sister sent e-mail message which allegedly damaged plaintiffs, whether those counts of plaintiffs' complaint which alleged negligence, negligence per se, nuisance, reckless misconduct, intentional infliction of emotional distress and breaches of contract and of mandated state public policy by defendant internet service provider, adequately stated claims upon which relief could be granted so as to warrant denial of that defendant's motion to strike those counts, notwithstanding bar by federal Communications Decency Act (47 U.S.C. § 230) upon such claims.
The plaintiffs, mother and daughter Jane Doe One and Jane Doe Two, have brought this thirty-six count complaint filed on March 15, 1999, against the named defendant, Shannon Oliver, and the defendants Lisa Oliver, Stephen Wexler, Roberta Wexler and America Online, Inc. (AOL). The plaintiffs allege that on June 6, 1997, Lisa Oliver, the sister of the named defendant, sent an e-mail to approximately thirty-one addresses, at least one of these addresses being that of plaintiff Jane Doe One's employer. The plaintiffs allege that Lisa Oliver confessed to sending the e-mail message to "get even" with the plaintiffs because Jane Doe One purportedly "stole her man." The plaintiffs allege that defendant AOL provided Internet service through which Lisa Oliver sent the aforementioned email. AOL filed a motion to strike counts fifteen through twenty-one of the complaint on May 7, 1999, contending that each claim is barred by the Communications Decency Act of 1996 (the act), specifically 47 U.S.C. § 230 (1999). In count fifteen, the plaintiffs allege negligence and, in count sixteen, the plaintiffs allege negligence per se, by AOL for its failure to prevent the transmission of the aforementioned e-mail in violation of General Statutes § 53a-183. In count seventeen the *Page 408 
plaintiffs allege that AOL breached the mandated public policy of Connecticut as defined in § 53a-183. In count eighteen the plaintiffs allege intentional nuisance by AOL by effectuating a dangerous condition which has a natural tendency to create danger and inflict injury. In count nineteen the plaintiffs allege that AOL was reckless because the harm that the plaintiffs allegedly suffered could have been prevented through technical means. In count twenty the plaintiffs allege that they suffered severe shock and emotional distress that was intentionally inflicted by AOL. In count twenty-one the plaintiffs allege breach of contract by AOL.
It is the plaintiffs' claim that the motion to dismiss on the motion to strike is not the proper motion to test the legal sufficiency of AOL's claim.
"Practice Book . . . § 10-39, allows for a claim for relief to be stricken only if the relief sought could not be legally awarded." Pamela B. v. Ment, 244 Conn. 296,325, 709 A.2d 1089 (1998). "The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Peter-Michael, Inc. v. Sea Shell Associates,244 Conn. 269, 270, 709 A.2d 558 (1998). "The proper method to challenge the legal sufficiency of a complaint is to make a motion to strike prior to trial." Gulack v. Gulack, 30 Conn. App. 305, 309, 620 A.2d 181 (1983). The motion to strike is the proper vehicle to test the AOL claims since it is not questioning jurisdiction but it is AOL's claim that each of the contested counts fails to state a claim upon which relief can be granted, and not that the court is without jurisdiction. "A motion to dismiss tests, inter alia, whether on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622, 624, 461 A.2d 991 (1983). "[A] motion to dismiss is not designed to test the legal sufficiency of a complaint in terms of whether it states a *Page 409 
cause of action." Pratt v. Old Saybrook, 225 Conn. 177,185, 621 A.2d 1322 (1993).
"[F]or the purpose of a motion to strike, the moving party admits all facts well pleaded." RK Constructors, Inc. v. Fusco Corp., 231 Conn. 381, 383 n. 2,650 A.2d 153 (1994). "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp., 240 Conn. 576,580, 693 A.2d 293 (1997). The court is limited "to a consideration of the facts alleged in the complaint. A `speaking' motion to strike (one imparting facts outside the pleadings) will not be granted." Doe v. Marselle, 38 Conn. App. 360, 364,660 A.2d 871 (1995), rev'd on other grounds, 236 Conn. 845,675 A.2d 835 (1996); see also Cavallo v. Derby Savings Bank, 188 Conn. 281, 285-86, 449 A.2d 986 (1982). Not "every argument in a motion to strike is rendered defective by the moving party's allegation of some fact not contained in the pleadings, regardless of whether that fact is relevant for each argument in the motion." Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348-49,576 A.2d 149 (1990). AOL moves to strike counts fifteen through twenty-one because AOL asserts that each count is barred by the act. The allegations in the complaint furnished a sufficient basis for the application of the act. See Doe v. America Online, Inc.,718 So.2d 385, 388 (Fla.App. 1998), rev'd on other grounds,729 So.2d 390 (1999). The motion to strike is the proper vehicle to test the claim of defendant AOL.
The claim of the plaintiffs that AOL should plead the defense of the act as a special defense is also without merit. "The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." (Internal quotation marks omitted.) Danbury v. Dana Investment Corp., 249 Conn. 1, 17,730 A.2d 1128 (1999); see also Practice Book *Page 410 
§ 10-50. AOL is not asserting new facts. The motion to strike is proper.
AOL asserts that counts fifteen through twenty-one fail to state claims upon which relief can be granted because the claims alleged in each count are barred by the act, specifically 47 U.S.C. § 230. 47 U.S.C. § 230
(c)(1) (1999) provides: "No provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." "The term `information content provider' means any person or entity that is responsible, in whole or in part, for the creation or development of information provided through the Internet or any other interactive computer service." 47 U.S.C. § 230 (f)(3) (1999). In the present case, AOL was the service provider of Internet access from which the email message was sent. "Congress has said quite clearly that such a provider shall not be treated as a `publisher or speaker' and therefore may not be held liable in tort." Blumenthal v. Drudge, 992 F. Sup. 44, 50 (D.D.C. 1998). "By its plain language, § 230 creates a federal immunity to any cause of action that would make service providers liable for information originating with a third-party user of the service. Specifically, § 230 precludes courts from entertaining claims that would place a computer service provider in a publisher's role. Thus, lawsuits seeking to hold a service provider liable for its exercise of a publisher's traditional editorial functions-such as deciding whether to publish, withdraw, postpone or alter content-are barred." Zeran v. America Online, Inc., 129 F.3d 327, 330 (4th Cir. 1997), cert. denied,524 U.S. 937, 118 S.Ct. 2341, 141 L.Ed.2d 712 (1998). This federal law accords with common law principles of what is required to be considered a "publisher." See Lunney v. Prodigy Services Co., 94 N.Y.2d 242, 250,723 N.E.2d 539, 701 N.Y.S.2d 684 (1999) (commercial online service provider not held liable on libel claim *Page 411 
because it did not "publish" allegedly defamatory email message). The plaintiffs have not stated claims upon which relief can be granted against AOL since the claims are precluded by the act. AOL's motion to strike counts fifteen through twenty-one, therefore, is granted.