[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#190)
The plaintiff, Vincent P. Larobina, filed a thirteen count amended revised complaint against the defendant, First Union National Bank, on CT Page 16563 January 28, 2000. In his amended revised complaint, the plaintiff alleges breach of contract (counts one through three), negligence by refusing to expunge false information from the plaintiff's credit report (count four), defamation by publishing false information to the credit agencies (count five), violation of 15 U.S.C. § 1647 (a) (General Statutes § 36a-678 (a)), which requires home equity loans be based on an index or rate of interest which is publicly available (count six), mail fraud in violation of 18 U.S.C. § 1341 (count seven), negligent infliction of emotional distress (count eight), violation of the implied covenant of fair dealing pursuant to General Statutes § 42a-1-203 (count nine), violation of the Connecticut Unfair Trade Practices Act (CUTPA), specifically, General Statutes § 42-110a (3) and (4) (count ten), negligent misrepresentation (count eleven), detrimental reliance (count twelve) and specific performance (count thirteen).
The facts alleged leading up to this action found in count one are as follows. On September 25, 1986, the plaintiff established a line of credit with Union Trust Bank in the amount of $55,000. (Complaint, ¶ 3.) This line of credit was secured by a second mortgage on the plaintiff's home. (Complaint, ¶ 4.) The note was for ten years "with an effective maturity date of 9/25/96." (Complaint, ¶ 6.) Union Trust assigned the note and mortgage to First Fidelity Bank of Connecticut. (Complaint, ¶ 5.) On November 1, 1994, the plaintiff and First Fidelity agreed to extend the maturity date on the note. (Complaint, ¶ 7.) In 1996, First Fidelity assigned the agreement and the mortgage to the defendant. (Complaint, ¶ 8.) The plaintiff alleges that he "received regular and proper monthly statements . . . and substantially complied with the . . . Agreement by tendering payments. . . ." (Complaint, ¶ 9.)
On July 20, 1998, the plaintiff received a letter from the defendant stating that the note had matured as of September 25, 1996, and that the entire balance was due. (Complaint, ¶ 10.) The plaintiff alleges that he contacted the defendant to inform them of his agreement with First Fidelity to extend the repayment date. (Complaint, ¶ 12.) In response, the plaintiff avers that the defendant claimed that the new minimum payment due was almost the entire balance of the note. (Complaint, ¶ 12.) The plaintiff alleges that this new minimum balance due violated the terms of his agreement with First Fidelity which stated that "your minimum installment payment will be 1/240th of your outstanding balance plus any finance charges owed on your account." (Complaint, ¶ 13.)
In response to the plaintiff's action, the defendant filed a motion to strike counts three through thirteen of the amended revised complaint on August 1, 2001. The defendant seeks to have count three stricken on the CT Page 16564 ground that this claim is barred by the Fair Credit Billing Act,15 U.S.C. § 1666 et seq., and refers to alleged contractual provisions that were not "bargained for." The defendant avers that counts four, five and eight are preempted and barred by the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. As to count six, the defendant contends that this claim violates the one-year statute of limitations under 15 U.S.C. § 1640. Further, the defendant seeks to strike count seven on the ground that the plaintiff is trying to assert a mail fraud cause of action for which there is no private right of action under the statute. Count nine, the defendant asserts, relies on the Uniform Commercial Code which is inapplicable to real property transactions and does not support an independent cause of action. As to count ten, the defendant claims that a CUTPA violation based on a breach of contract does not support a CUTPA claim.
The defendant also claims that counts eleven and twelve are insufficient because they do not contain sufficient facts to support claims of negligent misrepresentation and promissory estoppel. Finally, the defendant states that count thirteen should be stricken because the plaintiff has an adequate remedy at law in money damages and does not need to bring a claim for specific performance.
On August 15, 2001, the plaintiff filed an objection to the defendant's motion to strike for the purpose of raising the argument that the defendant's motion fails to comply with Practice Book § 10-41 in that it fails to "distinctly specify the reason or reasons for each such claimed insufficiency." Finding that the defendant did comply with § 10-41, this court overruled the plaintiff's objection on August 20, 2001. In addition, the plaintiff timely filed a memorandum of law in opposition addressing the merits of the defendant's motion to strike on August 15, 2001.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). In ruling on a motion to strike "[the court must] take the facts to be those alleged in the complaint . . . and [it] construes the complaint in the manner most favorable to sustaining its legal sufficiency. . . . Thus, [i]f the facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Jewish Home forthe Elderly of Fairfield v. Cantore, 257 Conn. 531, 538, ___ A.2d ___ (2001).
 A CT Page 16565 Count Three — Breach of Contract
The defendant seeks to strike count three of the plaintiffs amended revised complaint because the alleged breach of the "penultimate un-numbered paragraph" concerns rights provided by the Fair Credit Billing Act, 15 U.S.C. § 1666[1] and 1666a[2] with which the plaintiff failed to comply. Specifically, the defendant argues that it did not get the requisite notice under § 1666 and that § 1666 only applies to information contained in a periodic billing statement. The defendant further argues that these rights cannot be enforced independently of the Fair Credit Billing Act when the plaintiff has failed to comply with the provisions of the act. Finally. the defendant avers that a contract must be "bargained for to be enforceable," and the paragraph that the plaintiff alleges was breached was merely a "recitation of consumers' rights" and not a bargained for term of the agreement.
In opposition, the plaintiff argues that nowhere in his amended revised complaint does he allege the Fair Credit Billing Act and that the defendant's motion is essentially a "speaking motion." (Plaintiff's Memorandum, p. 4.) The plaintiff further argues that the issues of whether the particular paragraph creates independent contractual rights or was bargained for do not go to the legal sufficiency of the pleadings but are issues for the trier of fact. Finally, the plaintiff contends that he has properly pleaded an action for breach of contract.
First, the plaintiffs argument that the defendant's reference to the Fair Credit Billing Act renders its motion a "speaking motion" is without merit. The plaintiff incorporated the note, which specifically refers to the Fair Credit Billing Act, into the allegations of count three; (Complaint, Count three, ¶ 3, Exhibit A); and, therefore, the Act is not a fact outside the pleadings. The defendant's argument that it did not get the requisite notice, however, does state a fact outside of the pleadings, and, therefore, the court did not consider this argument.Waters v. Autuori, 236 Conn. 820, 825, 676 A.2d 357 (1996). Moreover, the plaintiff specifically alleges that he received a monthly billing statement which contained erroneous information in that it indicated that the entire principal balance of the note was due. (Complaint. Count three, ¶¶ 12, 13.) Therefore, the defendant's first argument concerning compliance with the Fair Credit Billing Act is insufficient.
The defendant's next arguments that the particular paragraph did not create independent contractual rights and was not bargained for are factual issues for the trier of fact to determine. "Although ordinarily the question of contract interpretation, being a question of the parties' intent, is a question of fact . . . [w]here there is definitive contract CT Page 16566 language, the determination of what the parties intended by their contractual commitments is a question of law." (Internal quotation marks omitted.) Tallmadge Bros., Inc. v. Iroquois Gas Transmission System,L.P., 252 Conn. 479, 495, 746 A.2d 1277 (2000). On a motion to strike, the court takes as true the allegations of the plaintiff's complaint.Jewish Home for the Elderly of Fairfield v. Cantore, supra, 257 Conn. 538. The plaintiff alleges that the defendant failed to comply with various specified obligations under the note and that this failure constitutes a breach of contract. (Complaint, Count three, ¶¶ 16-18.) To state a claim for breach of contract the party must allege "(1) the formation of an agreement; (2) performance by one party; (3) breach of the agreement by the other party and (4) damages." (Internal quotation marks omitted.)Kennedy v. Westledge, Superior Court, judicial district of New Haven at Meriden, Docket No. 262278 (March 12, 1999, Beach, J.). The defendant does not argue that the plaintiff has not stated the elements of a breach of contract action. Thus, since the plaintiff alleged an agreement, that he performed the agreement, that the defendant breached the agreement and that, as a result of the breach, he has suffered damages, the defendant's motion to strike count three is hereby denied.
 B
Counts Four (Negligence), Five (Defamation), Eight (Negligent Infliction of Emotional Distress)
The defendant moves to strike counts four, five and eight of the plaintiff's amended revised complaint because the plaintiff's claims are barred and preempted by the Fair Credit Reporting Act. See15 U.S.C. § 1681h (e).[3] The defendant avers that15 U.S.C. § 1681h (e) prohibits consumers from maintaining any action for defamation or negligence with respect to the reporting of inaccurate information to consumer reporting agencies unless the inaccurate reporting was wilful or malicious. The defendant argues that the plaintiff fails to allege sufficiently malice or wilful intent.
In opposition, the plaintiff argues that because he has not alleged the Fair Credit Reporting Act in his amended revised complaint, the defendant's motion is a "speaking motion." Further, the plaintiff states that he has pleaded sufficient facts to establish that the defendant acted maliciously or with wilful intent to injure the plaintiff.
The defendant's raising of the Fair Credit Reporting Act on a motion to strike is proper. The allegations in the complaint furnish a sufficient basis for the application of the Act since the plaintiff alleges that the defendant furnished inaccurate information about his account to the credit bureaus. Accord Doe One v. Oliver, 46 Conn. Sup. 406, 409, CT Page 16567755 A.2d 1000 (2000). Therefore, the defendant's motion is not a "speaking motion," and the court may address the merits of the defendant's argument.
"A wilful and malicious injury is one inflicted intentionally without just cause or excuse. It does not necessarily involve the ill will or malevolence shown in express malice. Nor is it sufficient to constitute such an injury that the act resulting in the injury was intentional in the sense that it was the voluntary action of the person involved. Not only the action producing the injury but the resulting injury must be intentional. . . . A wilful or malicious injury is one caused by design. Wilfulness and malice alike import intent. . . . [Its] characteristic element is the design to injure either actually entertained or to be implied from the conduct and circumstances. . . ." (Citations omitted; internal quotation marks omitted.) Mingachos v. CBS, Inc., 196 Conn. 91,102, 491 A.2d 368 (1985); see also Melanson v. West Hartford,61 Conn. App. 683, 692, 767 A.2d 764, cert. denied, 256 Conn. 904,772 A.2d 595 (2001).
The plaintiff has failed to allege that the defendant furnished false information with malice or willful intent to injure the plaintiff. Although the plaintiff alleges that the defendant's action producing the injury was intentional; (see Complaint, Counts four, five and eight, § 19 ("the defendant exhibited wanton, wilful and malicious disregard of the plaintiff's rights by having refused to cause to be expunged said false allegations from the plaintiff's credit report")); this factual allegation does not suffice to establish that the defendant intended the resulting injury. Mingachos v. CBS, Inc., supra, 196 Conn. 102. Therefore, the defendant's motion to strike counts four, five and eight is hereby granted.
 C Count Six — Violation of 15 U.S.C. § 1647 (a)
The defendant moves to strike count six on the basis that civil liability for a violation of 15 U.S.C. § 1647 (a),[4] which is found in the Truth in Lending Act (TILA) and requires a consumer to be given a rate of interest based on a publicly available index rate, must be brought within one year of the transaction as prescribed by15 U.S.C. § 1640 (e).[5] The defendant argues that the statute of limitations started to run on the date that the agreement was executed, which was fourteen years ago. The plaintiff counters the defendant's argument by stating that the statute of limitations may be equitably tolled when a party is injured by fraud and is unaware of the fraud through no fault of his own. CT Page 16568
As an initial matter, the plaintiff argues that the defendant's statute of limitations is properly the subject of a special defense as opposed to a motion to strike. While the defendant acknowledges that generally a statute of limitations claim is not a proper ground for a motion to strike, it asserts that it may be raised in a motion to strike if the statute gives a right that did not exist at common law. The defendant claims that 15 U.S.C. § 1647 has created a right that did not exist at common law.
"A claim that an action is barred by the lapse of the statute of limitations must be pleaded as a special defense, not raised by a motion to strike." Forbes v. Ballaro, 31 Conn. App. 235, 239, 624 A.2d 389
(1993). "In two limited situations . . . [the court] will allow the use of a motion to strike to raise the defense of the statute of limitations. The first is when [t]he parties agree that the complaint sets forth all the facts pertinent to the question whether the action is barred by the Statute of Limitations . . . The second is where a statute gives a right of action which did not exist at common law, and fixes the time within which the right must be enforced. . . ." (Citations omitted; internal quotation marks omitted.) Id., 239-40.
The second exception applies in this action. TILA is a creature of statute designed to protect borrowers from entering into lending agreements without being aware of their rights. The right to have a rate of interest based on a publicly available index rate is not a right that existed at common law, but rather was created by 15 U.S.C. § 1647. Therefore, the defendant's statute of limitations argument is properly before the court on a motion to strike.
15 U.S.C. § 1640 (e) provides that any action brought under TILA must be instituted "within one year from the date of the occurrence of the violation." In close end credit transactions, the statute begins to run from the date the contract for the extension of credit is executed.Baskin v. G. Fox Co., 550 F. Sup. 64, 65 (D.Conn. 1982). In open end credit arrangements, the statute begins to run when the consumer is on notice that a violation has occurred. Id., 67.
In this case, the plaintiff has alleged that he had an open end extension of credit. (Complaint, Count six, ¶ 4.) Therefore, the statute of limitations began to run on the date that the plaintiff was first put on notice of a violation and not, as the defendant argues, "from the date that the note was executed, fourteen years ago." The defendant makes no argument that the plaintiff instituted this action more than one year from the date he was first put on notice of a violation. Therefore, the motion to strike count six is hereby denied. CT Page 16569
 D Count Seven — Mail Fraud
This count is stricken by mutual agreement of the parties.
 E Count Nine — Breach of Implied Covenant of Fair Dealing
The defendant moves to strike count nine, which alleges breach of the implied covenant of fair dealing under General Statutes § 42a-1-203, on the ground that § 42a-1-203 is inapplicable to real property transactions. The plaintiff argues that a breach of the implied covenant of good faith and fair dealing has been allowed in borrower-lender relationships.
This court has previously held that "[i]f the present agreement is not one which could be called a transaction in goods, or a sale of goods, it does not fall within the . . . provisions of the UCC." (Internal quotation marks omitted.) Carol v. Allstate Ins. Co., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 164867 (June 15, 1999, Karazin, J.) (granting motion to strike count alleging breach of § 42a-1-203). Therefore, the motion to strike count nine is hereby granted.
 F Count Ten-CUTPA Claim
The defendant moves to strike count ten on the ground that the allegations are insufficient to support a violation under CUTPA. Specifically, the defendant asserts that a mere breach of contract, absent sufficient aggravating circumstances, is not sufficient to support a CUTPA claim. The defendant also argues that the remaining allegations are conclusory and insufficient to support a CUTPA claim. The plaintiff argues that he has alleged more than a mere breach of contract and additionally that count ten contains numerous allegations beyond breach of contract that support the CUTPA claim.
General Statutes § 42-110b (a) provides that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." The Connecticut Supreme Court has adopted the criteria set out by the federal trade commission in the "cigarette rule" to determine whether there is a CT Page 16570 violation of the act. Williams Ford, Inc. v. Hartford Courant Co.,232 Conn. 559, 591, 657 A.2d 212 (1995). The criteria for a CUTPA violation are: "(1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [(competitors or other businessmen)]." "All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three." (Internal quotation marks omitted.) Id.
"[A] violation of CUTPA may be established by showing either an actual deceptive practice . . . or a practice amounting to a violation of public policy. . . . Furthermore, a party need not prove an intent to deceive to prevail under CUTPA." (Internal quotation marks omitted.) Willow SpringsCondominium Assn., Inc. v. Seventh BRT Development Corp., 245 Conn. 1,43, 717 A.2d 77 (1998).
The defendant is correct that a "simple breach of contract does not offend traditional notions of fairness, and . . . standing alone does not offend public policy to invoke CUTPA." Boulevard Associates v. SovereignHotels, Inc., 72 F.3d 1029, 1038-39 (2d Cir. 1995); see also Derring v.Thomas Regional Directory Co., Superior Court, judicial district of Hartford, Docket No. 583548 (June 22, 1999, Peck, J.). However, "[w]here the plaintiff alleges sufficient aggravating circumstances, beyond a mere breach of contract that may bring the case within the cigarette rule, the CUTPA claim may withstand a motion [to strike]." Morris v. BrooksideCommons Ltd., Partnership, Superior Court, judicial district of Hartford, Docket No. 581130 (February 2, 2000, Stengel, J.). In the present case, count ten contains other allegations in addition to the breach of contract allegations. For example, in so far as count ten alleges that the defendant "by attempting to collect this debt in an abusive, harassing, fraudulent, deceptive and misleading manner in violation of the Creditors' Collection Practices Act . . . [the defendant] has conducted its trade in an unfair, unscrupulous, unprofessional and unlawful manner," this allegation is sufficient to support a CUTPA claim. Thus, the motion to strike count ten is hereby denied.
 E Count Eleven — Negligent Misrepresentation CT Page 16571
The defendant moves to strike count eleven on the basis that the plaintiff has not pleaded facts sufficient to state a claim of negligent misrepresentation. Specifically, the defendant argues that to constitute a misrepresentation, the statement of fact must have been untrue when it was made. The plaintiff's sole argument in opposition is that the defendant has failed to state the grounds of insufficiency in its motion as required by Practice Book § 10-41, and, therefore, its motion is fatally defective. As stated previously, this court overruled the plaintiff's objection on this ground on August 20, 2001.
"The governing principles [of negligent misrepresentation] are set forth . . . in § 552 of the Restatement (Second) of Torts (1977): One who, in the course of his business, profession or employment . . . supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information." (Internal quotation marks omitted.) Williams Ford, Inc. v.Hartford Courant Co., supra, 232 Conn. 575. "In order to [state a] claim of negligent misrepresentation . . . [the plaintiff] must [allege] the following elements . . . 1) that the defendant made representations of fact to [the plaintiff] which it knew or should have known in the exercise of reasonable care to be false . . . 2) that it knew or should have known that [the plaintiff] would be guided by or would rely on those representations . . . 3) that [the plaintiff] justifiably relied on the information; and, 4) that [the plaintiff] suffered a detriment or damages as a result of such reliance." Craine v. Trinity College, Superior Court, judicial district of Hartford at Hartford, Docket No. 555013 (December 27, 1999, Peck, J.).
In this case, the plaintiff alleges that the defendant negligently misrepresented the existence of the Re-Age Agreement and the maturity date of the note. (Complaint, Count eleven, ¶¶ 14, 18.) In negotiating the plaintiff's check in consideration thereof and continuing to issue monthly billings, the plaintiff alleges that the defendant induced a belief upon the plaintiff that the document existed. (Complaint, count eleven, ¶¶ 15, 18.) Furthermore, the plaintiff alleges that he relied on the defendant's representations to his detriment and as a result suffered damages. See Federated Corporate Services, Inc. v. F.J. SciameConstruction Co. Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 180282 (March 19, 2001, Mintz, J.) (court denied motion to strike claim of negligent misrepresentation because plaintiff adequately alleged elements of cause of action). The motion to strike count eleven is hereby denied.
 F CT Page 16572 Count Twelve — Promissory Estoppel
The defendant moves to strike count twelve, contending that the plaintiff's claims are insufficient because he alleges the agreement was supported by consideration and that he did not allege that the defendant's promise "induced forbearance." In opposition, the plaintiff maintains that the defendant has failed to specify the grounds of insufficiency in its motion, and, therefore, the motion to strike is fatally defective. As stated earlier in dealing with count eleven, the court overruled the plaintiff's objection on this ground on August 20, 2001. The plaintiff further argues that, because of First Union's denial of the existence and/or authenticity of the Re-Age Agreement, as alleged, count twelve is a proper alternative pleading.
"[A]ny claim of estoppel is predicated on proof of two essential elements: the party against whom estoppel is claimed must do or say something calculated or intended to induce another party to believe that certain facts exist and to act on that belief; and the other party change its position in reliance on those facts, thereby incurring some injury. . . . It is the burden of the party asserting a claim of estoppel to establish the existence of the elements essential to an estoppel . . . and whether that burden has been satisfied in a particular case is an issue of fact." (Citations omitted; internal quotation marks omitted.)Middlesex Mutual Assurance Co. v. Walsh, 218 Conn. 681, 699, 590 A.2d 957
(1991).
The plaintiff has stated a claim for promissory estoppel. The plaintiff sufficiently alleges that the defendant, by its representations, induced the plaintiff into believing that the maturity date had been modified. The plaintiff clearly changed his position when he assumed that the balloon payment originally due in September, 1996, had been extended and relied on this to his detriment by not making this balloon payment.
Moreover, "[u]nder our pleading practice, a plaintiff is permitted to advance alternative and even inconsistent theories of liability against one or more defendants in a single complaint." Dreiner v. Upjohn Co.,196 Conn. 242, 245, 492 A.2d 164 (1985); see also Practice Book §10-25. "An action for promissory estoppel generally lies when there is no written contract, or the contract cannot be enforced for one reason or another." Lark v. Post Newsweek Stations Connecticut, Inc., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 705326 (August 9, 1995, Wagner, J.); see also Reynolds, Pearson Co. v.Miglietta, Superior Court, judicial district of Hartford, Docket No. 801247 (March 27, 2001, Berger, J.). Here, where it is alleged that the defendant denies the existence and enforceability of the agreement, the CT Page 16573 plaintiff has properly raised the alternative claim of promissory estoppel. Therefore, the defendant's motion to strike count twelve is hereby denied.
 G Count Thirteen — Specific Performance
The defendant moves to strike count thirteen on the ground that there is an adequate remedy at law available to the plaintiff and that he should not be entitled to plead specific performance in the alternative. The plaintiff again asserts that he is entitled to plead in the alternative.
"The availability of specific performance is not a matter of right, but depends rather upon an evaluation of equitable considerations." (Internal quotation marks omitted.) Allen v. Nissley, 184 Conn. 539, 546,440 A.2d 231 (1981). "The determination of what equity requires in a particular case, the balancing of the equities, is a matter for the discretion of the trial court." (Internal quotation marks omitted.)Northeast Savings, F.A. v. Hinthan, 241 Conn. 269, 275, 696 A.2d 315
(1997); Amresco New England II, L.P. v. Colossale, 63 Conn. App. 49, 55,774 A.2d 1084 (2001). Moreover, the "trial court's determination to award or to refuse damages as an incident to a decree of specific performance rests to a significant extent in the exercise of the court's discretion, depending upon the equities of the case and based on reason and sound judgment." (Internal quotation marks omitted.) Allen v. Nissley, supra,184 Conn. 546.
In the present case, the plaintiff is pleading specific performance in the alternative as is permissible under our pleading practice. Dreier v.Upjohn Co., supra, 196 Conn. 245; see also Practice Book § 10-25. Because the availability of specific performance is generally a matter for the discretion of the trial court and pleading in the alternative is permissible under the rules of practice, the motion to strike count thirteen is hereby denied.
Accordingly, the defendant's motion to strike counts four, five, seven, eight and nine is hereby granted and denied as to counts three, six, ten, eleven, twelve and thirteen.
KARAZIN, J.