[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION DEFENDANT'S POST JUDGMENT MOTION TO STRIKE
On November 13, 2002, the plaintiff wife filed a Motion for Contempt. The matter before this Court is the defendant husband's Motion to Strike
dated December 10, 2002. The defendant husband alleged that the plaintiffs action is barred by the terms of the parties' separation agreement. The defendant further alleges that the action is precluded by earlier rulings in this matter.[1]
Examination of the court file and evidence introduced at the court hearing reveals the following. On August 18, 1998, the trial court dissolved the subject marriage. That judgment incorporated an August 6, 1998 written separation agreement. Article 6 contained the following provision: "The Husband agrees to pay to the Wife the sum of $6,500 per month as unallocated alimony and child support. . . ." Neither party could modify either the term or amount of this specific provision.[2]
The parties further agreed that in the event the plaintiff was required to bring "an action to collect and can establish that the Husband has the ability to pay . . ." any arrearage under the agreement, then the plaintiff would be entitled to interest and reasonable costs. Finally, Paragraph 6(m) of the parties' separation agreement contained the following provision:
 "It is not the intention of the parties that enforcement of the financial provisions of this agreement other than paragraph 6(a) be accomplished in any manner other than obtaining a money judgment or judgment for any arrears or defaults in payment and the enforcement of same. Without limiting the foregoing, the parties covenant, warrant and represent that neither will apply for, enforce or attempt to enforce any order, judgment or decree providing for relief other than the entry of money judgment in the CT Page 504 event of a default in the payment of any sums of money due hereunder except for paragraph 6(a), above. Each party covenants and agrees that he or she shall be estopped from exercising any other enforcement mechanism which otherwise might be available in any jurisdiction including but not limited to contempt. . . .
The defendant contends that this provision precludes any action by this court.
Disposition of these issues concerning a motion to strike is controlled by Connecticut Practice Book Section 10-39.[3] Here the motion challenges the legal sufficiency of the plaintiffs pleading. "It is fundamental that in determining the sufficiency of a complaint challenged by a defendant's motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted. . . . Indeed, pleadings must be construed broadly and realistically, rather than narrowly and technically." Doe v. Yale University, 252 Conn. 641,667, 748 A.2d 834 (2000). (Citation omitted; internal quotation marks omitted.) "[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." Doe v. Yale University,252 Conn. at 667. "What is necessarily implied [in an allegation] need not be expressly alleged." Lombard v. Edward J. Peters, Jr., P.C., 252 Conn. 623,627, 749 A.2d 630 (2000). (Citation omitted; internal quotation marks omitted.)
Furthermore, a trial court is limited "to a consideration of the facts alleged in the complaint. A `speaking' motion to strike (one imparting facts outside the pleadings) will not be granted. . . . Not every argument in a motion to strike is rendered defective by the moving party's allegation of some fact not contained in the pleadings, regardless of whether that fact is relevant for each argument in the motion." JaneDoe One v. Oliver, 46 Conn. Sup. 406, 407 755 A.2d 1000 (2000). (Citation omitted; internal quotation marks omitted.)
Here the plaintiff has alleged facts sufficient to withstand the defendant's motion to strike. "Contempt is a disobedience to the rules and orders of a court which has power to punish for such an offense." (Internal quotation marks omitted.) Wilson v. Cohen, 222 Conn. 591, 596
n. 5, 610 A.2d 1117 (1992). In family matters, motions for contempt are governed by Connecticut Practice Book Section 25-27, which provides in relevant part:
 "All motions for contempt must state (1) the date and specific language of the order of the judicial CT Page 505 authority on which the motion is based; (2) the specific acts alleged to constitute the contempt of that order, including the amount of any arrears claimed due as of the date of the motion or a date specifically identified in the motion; (3) the movant's claims for relief for the contempt."
Although the plaintiffs motion is not elaborate, it does state the bare minimum of facts necessary to comply with practice book procedures. Those facts, if true, would subject the defendant to the court's contempt power.
The defendant argues that even if the facts are sufficient, the parties' own agreement precludes use of any remedies available through contempt procedures. This argument must be rejected for several reasons.
Initially, this court notes that the agreement does not bar all contempt procedures, merely those to recover "alimony and support" due the plaintiff through the operation of paragraphs other than paragraph 6(a). Although the defendant suggests in his motion to strike that he has totally complied with paragraph 6(a), it is the plaintiffs statement of facts, not the defendant's argument, which controls this motion. As stated previously the plaintiff facts are brief but sufficient.
Furthermore, the power of contempt does not arise from statute or personal agreements, but derives from the common law. The penalties that a court might impose "arise from the inherent power of the court to coerce compliance with its orders." Papa v. New Haven Federation of Teachers,186 Conn. 725, 737, 444 A.2d 196 (1982). That inherent power is essential to the administration of justice. Young v. United States ex rel. Vuittonet Fils S.A., 451 U.S. 757, 795 (1987). "The interests of orderly government demand that respect and compliance be given to orders issued by courts possessed of jurisdiction of persons and subject matter. One who defies the public authority and willfully refuses his obedience, does so at his peril." Cologne v. Westfarms Associates, 197 Conn. 141, 147,496 A.2d 476 (1985) (citations omitted). An agreement by the parties cannot deprive a court of this authority.
Finally, this court recognizes that generally "[a] judgment rendered in accordance with the stipulation of the parties is to be construed and regarded as a binding contract . . ." Issler v. Issler, 250 Conn. 226,235, 737 A.2d 383 (1999). These personal contracts cannot, however, affect a court's subject matter jurisdiction. See Pina v. Pina,55 Conn. App. 42, 47, 737 A.2d 961 (1999). Consent cannot create this jurisdiction. Muller v. Muller, 43 Conn. App. 327, 682 A.2d 1089 (1996). CT Page 506 Waiver cannot strip a court of its inherent authority. Cohen v. Cohen,41 Conn. App. 163, 165, 674 A.2d 869 (1996). Stated somewhat differently, "[T]he parties to an action cannot confer subject matter jurisdiction on the court by their consent, silence, waiver or private agreement." Arseniadis v. Arseniadis, 2 Conn. App. 239, 242, 477 A.2d 152
(1984) (internal citations omitted).
Nor can the agreement change the nature of the proceeding. Marriage dissolution was not available at common law. That relief, now a creature of statute, is essentially equitable in nature. German v. German,122 Conn. 155, 160, 188 A. 429 (1936). "An action on the case would not lie to recover money due under a decree in chancery." German,122 Conn. at 162. Rather, post judgment dissolution claims are enforced in a court of equity through contempt proceedings. Mcanerney v. Mcanerney,165 Conn. 277, 288 n. 4, 334 A.2d 437 (1973).In a contempt action for support incident to a divorce decree, it is the law as set forth in the statutes rather than the contract that imposes the obligations of support. Kennedy v. Kennedy, 177 Conn. 47, 50-5 1, 411. A.2d 25 (1979). "An agreement of the parties . . . cannot deprive this court of jurisdiction to issue a contempt order prescribed by statute." French v.French, 36 Conn. Sup. 266, 268 A.2d (1980). This is essential in family matters where post judgment litigation often continues for years after the initial order. Avalonbay Communities v. Plan ZoningCommission, 260 Conn. 232, 243, 796 A.2d 1164 (2002).[4] Thus the motion to strike is particularly inappropriate.
The Motion to Strike is denied. Orders shall enter on this motion as herein noted.
 ___________________ JULIA DICOCCO DEWEY, JUDGE