[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff filed a motion to strike special defenses asserting the claims are barred by res judicata or collateral estoppel. For the reasons stated below, the court rules that a motion for summary judgment and not a motion to strike is the proper procedural vehicle for asserting that special defenses are barred by res judicata or collateral estoppel.
The plaintiff, Doris Bell, and the defendant, Barker Burger, LLC, were parties in a prior civil action brought in the judicial district of New Britain bearing Docket No. CV 01 0506342. In the prior civil action, the plaintiff was awarded a judgment in the amount of $112,113.86 plus interest, which was issued on April 19, 2001. The plaintiff filed a judgment lien, dated August 27, 2001 on commercial property owned by the defendant located in Southington, Connecticut, known as 1850 Meriden Waterbury Turnpike which was recorded in the Southington Land Records. The judgment remains wholly unpaid. On April 12, 2002, the plaintiff filed a foreclosure action consisting of a single-count complaint against the defendant seeking to foreclose her judgment lien.
On May 29, 2002, the defendant filed an answer and special defenses. In its first special defense, the defendant alleges that the judgment the plaintiff sued upon was obtained by fraud because the plaintiff failed to advise the court that: (1) she had received $65,000 in full settlement and payment of her claim, (2) the defendant had totally leased the premises in question and was not in control of them, and (3) she executed a general release in connection with her claim giving rise to the underlying judgment, which is a general bar of enforcement of the judgment. In its second special defense, the defendant alleges that it has been fully released from any liability for the judgment in question by a release executed by the plaintiff on November 28, 2000, which inures to its benefit.
On August 2, 2002 the plaintiff filed a motion to strike both of the special defenses raised by the defendant on the ground that the facts CT Page 2715 pleaded therein do not constitute special defenses to the action. On September 3, 2002, the defendant filed a memorandum in opposition.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." (Internal quotations marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "[A] plaintiff can [move to strike] a special defense . . ." Nowak v. Nowak, 175 Conn. 112, 116, 394 A.2d 716 (1978).
"The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." (Internal quotation marks omitted.) Danbury v. Dana Investment Corp., 249 Conn. 1, 17, 730 A.2d 1128
(1999). "A party wanting to contest the legal sufficiency of a special defense may do so by filing a motion to strike." Barasso v. Rear StillHill Road, LLC, 64 Conn. App. 9, 13, 779 A.2d 198 (2001). "In ruling on the . . . motion to strike, the trial court recognize[s] its obligation to take the facts to be those alleged in the special defenses and to construe the defenses in the manner most favorable to sustaining their legal sufficiency." Connecticut National Bank v. Douglas, 221 Conn. 530,536 606 A.2d 684 (1992).
The plaintiff claims that all of the facts alleged in the two special defenses are matters which were under the jurisdiction of the court which rendered the judgment, and could have been raised in that action. Therefore, the special defenses are precluded by the doctrine of res judicata and should be stricken. The defendant argues in opposition that the plaintiff's memorandum in support of its motion to strike argues the facts of the special defenses, constituting a speaking motion to strike. The defendant further claims that although the plaintiff argues that the special defenses are precluded by the doctrine of res judicata, she means collateral estoppel. Because collateral estoppel is a special defense and requires proof of facts outside of the pleadings, the defendant argues that the plaintiff's claims are appropriate for summary judgment, but not a motion to strike.
"Under the doctrine of res judicata, or claim preclusion, a former judgment on a claim, if rendered on the merits, is an absolute bar to a subsequent action on the same claim. A judgment is final not only as to every matter which was offered to sustain the claim, but also as to any other admissible matter which might have been offered for that purpose." (Emphasis in original; internal quotation marks omitted.) Demilo Co. v. Commissioner of Motor Vehicles, 233 Conn. 281, 292, 659 A.2d 162
(1995). "The doctrine of res judicata, therefore, applies not only to CT Page 2716 claims actually made and litigated . . . but also to claims that a party could have made in the initial action." (Citation omitted.) Id., 293.
"A `speaking' motion to strike (one imparting facts outside the pleadings) will not be granted." Doe v. Marselle, 38 Conn. App. 360, 364,660 A.2d 871 (1995), rev'd on other grounds, 236 Conn. 845, 675 A.2d 835
(1996); see also Parnes v. City of New London, Superior Court, judicial district of New London at New London, Docket No. CV01 0555385 (January 22, 2001, Hurley J.). "The court is limited to a consideration of the facts alleged in the complaint." (Internal quotation marks omitted). DoeOne v. Oliver, 46 Conn. Sup. 406, 409, 755 A.2d 1000 (2000).
"[C]ollateral estoppel and res judicata . . . should be pleaded specifically as affirmative defenses." The Cadle Co. v. Gabel,69 Conn. App. 279, 293 n. 15, 794 A.2d 1029 (2002). "A claim of collateral estoppel, or issue preclusion, may properly be raised by way of a motion for summary judgment." Busconi v. Dighello, 39 Conn. App. 753,769, 668 A.2d 716 (1995), cert. denied, 236 Conn. 903, 670 A.2d 321
(1996). "The doctrines of res judicata and collateral estoppel protect the finality of judicial determinations, conserve the time of the court, and prevent wasteful relitigation." (Internal quotation marks omitted.)Virgo v. Lyons, 209 Conn. 497, 501, 551 A.2d 1243 (1988). "Claim preclusion (res judicata) and issue preclusion (collateral estoppel) have been described as related ideas on a continuum. Claim preclusion prevents a litigant from reasserting a claim that has already been decided on the merits . . . Issue preclusion, prevents a party from relitigating an issue that has been determined in a prior suit." (Internal quotation marks omitted.) Nancy G. v. Department of Children Families,248 Conn. 672, 681, 733 A.2d 136 (1999).
"The fundamental principles underlying the doctrine of collateral estoppel are well established. The common-law doctrine of collateral estoppel, or issue preclusion, embodies a judicial policy in favor of judicial economy, the stability of former judgments and finality . . . Collateral estoppel means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit . . . Issue preclusion arises when an issue is actually litigated and determined by a valid and final judgment, and that determination is essential to the judgment . . . Collateral estoppel express[es] no more than the fundamental principle that once a matter has been fully and fairly litigated, and finally decided, it comes to rest." (Internal quotation marks omitted.) Cumberland Farms, Inc. v. Groton, 262 Conn. 45,58, 808 A.2d 1107 (2002). CT Page 2717
"With respect to both the claims of res judicata and collateral estoppel, the court notes that Practice Book § 10-50 requires that res judicata to be pleaded as a special defense." The Cadle Company v.Gabel, Superior Court, judicial district of Middlesex at Middletown, Docket No. CV 00 0091155 (October 4, 2000, Arena, J.) (28 Conn.L.Rptr. 269). Furthermore, "[c]ollateral estoppel, like res judicata, must be specifically pleaded by a defendant as an affirmative defense." Carnesev. Middleton, 27 Conn. App. 530, 537, 608 A.2d 700 (1992). Res judicata and collateral estoppel are not properly considered by the court on a motion to dismiss; Zizka v. Water Pollution Control Authority,195 Conn. 682, 687, 490 A.2d 509 (1985); or a motion to strike; Ash v.Allstate Insurance Co., Superior Court, judicial district of New Britain, Docket No. 465245 (May 6, 1996, Arena, J.). "Because res judicata or collateral estoppel, if raised, may be dispositive of a claim, summary judgment [is] the appropriate method for resolving a claim of res judicata." Jackson v. R.G. Whipple, Inc., 225 Conn. 705, 712,627 A.2d 374 (1993); see also Joe's Pizza v. Aetna Life CasualtyCo., 236 Conn. 863, 867 n. 8, 675 A.2d 441 (1996).
"It is well established that the party asserting the affirmative defense of res judicata [or collateral estoppel] bears the burden of establishing its applicability." Commissioner of Environmental Protectionv. Connecticut Building Wrecking Co., 227 Conn. 175, 195, 629 A.2d 1116
(1993). Because collateral estoppel and res judicata claims are not properly raised in a motion to strike, it is not appropriate for the court to consider the plaintiff's motion to strike the defendant's special defenses. The appropriate motion with respect to the plaintiff's claim that the defendant's special defenses are precluded by the doctrines of res judicata and collateral estoppel is the motion for summary judgment.
The plaintiff's motion to strike the defendant's special defenses is denied.
 BY THE COURT Hon. Vanessa L. Bryant
CT Page 2718